[Crim. No. 6276. Fifth Dist. Mar. 15, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
VERDE BAILEY, JR., Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Augustus E. Noland, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian and John Van de Kamp, Attorneys General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Joel Carey and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**HAMLIN, J.**—Defendant appeals from a judgment entered upon his plea of nolo contendere to auto theft (Veh. Code, § 10851) and endangering the life or health of a child (Pen. Code, § 273a, subd. (1)). The issues defendant raised on appeal both relate to his sentencing. The primary issue is whether Penal Code section 19a, which places a one-year ceiling on county jail confinement as a condition of probation in felony cases, precludes a grant of probation conditioned upon county jail confinement in excess of one year when requested by defendant. We think it does not.

At the sentencing hearing, defendant requested probation and, as a condition thereof, requested that he be confined in the county jail for a term of three years. He also confirmed his willingness to waive the provision of Penal Code section 19a which limits county jail confinement to one year. The sentencing court stated it was "inclined to grant probation, three years in county jail" but was persuaded by the prosecutor's argument that a three-year term of local confinement was jurisdictionally barred by section 19a. The court then sentenced defendant to three years in prison.

I

As a condition of probation, the court "may imprison the defendant in the county jail for a period not exceeding the maximum time fixed by law in the instant case . . . ." (Pen. Code, § 1203.1.)[1] In pertinent part, section 19a provides that in no case shall any person sentenced to confinement in a county jail as a condition of probation upon conviction of either a felony or a misdemeanor be committed for a period in excess of one year. Read together, these sections place an unqualified one-year ceiling upon county jail commitment as a condition of probation in felony cases.[2] (See *People* v. *Brasley* (1974) 41 Cal.App.3d 311, 316 [115 Cal.Rptr. 910]; *People* v. *Rojas* (1962) 216 Cal.App.2d 819, 829 [31 Cal.Rptr. 417]; see also *People* v. *Francis* (1969) 71 Cal.2d 66, 75 [75 Cal.Rptr. 199, 450 P.2d 591]; *People* v. *Calloway* (1981) 29 Cal.3d 666, 679-680 [175 Cal.Rptr. 596, 631 P.2d 30] (dis. opn. of Bird, C. J.).)

When enacted in 1933, section 19a referred only to misdemeanants and did not by its terms expressly apply to felons. (Stats. 1933, ch. 848, § 2, p. 2217.)

---

[1]Further statutory references are to the Penal Code unless otherwise indicated.

[2]The only exception on the face of the statute is where the defendant has been convicted "of more than one offense when consecutive sentences have been imposed . . . ." However, the exception, added in 1957, applies only to multiple *misdemeanor* convictions and has no application in felony cases where a county jail term is imposed as a condition of probation. (See 2 Witkin, Cal. Crimes, § 984, pp. 938-939.) The statutory exception merely codifies existing case law on the subject. (*Ibid.*)

Early in the provision's history, the Supreme Court held the language of the statute, when viewed in conjunction with other probation statutes, did not preclude imposition of a county jail term in excess of one year as a condition of *felony* probation. (*In re Marquez* (1935) 3 Cal.2d 625 [45 P.2d 342] [four-year jail term as condition of felony probation upheld]; see also *In re Webber* (1949) 95 Cal.App.2d 183 [212 P.2d 540] [two-year term upheld].) However, by amending the statute in 1957 to expressly include felons granted probation, the Legislature abrogated the *Marquez* interpretation and made the one-year limitation applicable across the board. (2 Witkin, Cal. Crimes, § 983, pp. 937-938.) Section 19a has remained unchanged since 1957.

The face of the statute, however, does not of itself resolve the issue whether its terms may be waived. To answer the question, we must give effect to the manifest legislative purpose derived from the provision considered as a whole in light of its legislative history. (*Silver* v. *Brown* (1966) 63 Cal.2d 841, 845 [48 Cal.Rptr. 609, 409 P.2d 689]; *Leffel* v. *Municipal Court* (1976) 54 Cal.App.3d 569, 572 [126 Cal.Rptr.73].) The available history of section 19a makes clear that the provision was enacted solely for the benefit of the defendant and "not to satisfy any other overriding social, political or fiscal purpose." (*People* v. *Johnson* (1978) 82 Cal.App.3d 183, 185, fn. 2 [147 Cal.Rptr. 55].) The 1957 Law Revision Commission Report on section 19a, which included recommendations that eventually were adopted by the Legislature in the 1957 amendments to the provision, twice emphasized that the principle underlying the section was the "penological" one of ensuring that those incarcerated for extended periods gained the benefit of rehabilitative facilities not found at the local level.[3] (1 Cal. Law Revision Com. Rep. (1957) pp. A-5, A-6.) The commission stated: "[T]here is no adequate provision for rehabilitation of prisoners in the county jail and . . . incarceration without a rehabilitation program for more than one year not only does not benefit the prisoner but is actually harmful to him." (*Id.*, at p. A-5.)

■ Having concluded that section 19a was designed exclusively for the defendant's protection, we see no legal impediment to defendant's knowing and intelligent waiver of the one-year limitation therein on confinement in the county jail. This permits the sentencing court at least to consider whether the defendant merits a grant of probation in those cases where a one-year term of local confinement seems inappropriately brief and a prison commitment unduly harsh.

---

[3] A report of the Law Revision Commission proposing a statute that is subsequently adopted by the Legislature without change is entitled to substantial weight in ascertaining legislative purpose. (*Brian W.* v. *Superior Court* (1978) 20 Cal.3d 618, 623 [143 Cal.Rptr. 717, 574 P.2d 788]; *Van Arsdale* v. *Hollinger* (1968) 68 Cal.2d 245, 249-250 [66 Cal.Rptr. 20, 437 P.2d 508].)

We reach this conclusion for substantially the same reasons the court held in *People* v. *Johnson, supra,* 82 Cal.App.3d 183 that section 19a does not preclude additional jail confinement exceeding an aggregate term of one year when the defendant knowingly and intelligently waives his statutory entitlement to credit for time already served in the county jail under the provisions of section 2900.5. In particular, we share the doubt expressed by that court that confinement in a state correctional facility under present circumstances is more conducive to rehabilitation than local confinement. That doubt is further justified by the Legislature's declaration in the determinate sentence law, which went into effect in 1977, that "the purpose of imprisonment for crime is punishment.." (§ 1170, subd. (a)(1).) The Supreme Court has noted that this provision represents a legislative abandonment of rehabilitation as a goal of imprisonment for adult offenders. (See *In re Ricky H.* (1981) 30 Cal.3d 176, 190 [178 Cal.Rptr. 324, 636 P.2d 13].) A local jail term in excess of one year when imposed as a condition of felony probation equally fulfills the declared legislative purpose.

While we believe the holding in the instant case ensures the sentencing court's authority to formulate a sentence which fits the crime and the criminal, we are not unaware of its potential for encouraging increased requests for local commitment with the attendant fiscal and administrative burdens on local entities. The built-in safeguard is that the sentencing court is not required to act upon defendant's waiver. It remains within the trial court's discretion whether the circumstances of the case justify a departure from the established one-year limitation on county jail commitment. The sentencing judge will know whether crowding in the county jail is worse than in the prisons. He will also be aware of the other fiscal and social consequences involved. The fact that it may be an exceedingly rare instance in which the sentencing judge acts upon the waiver cannot justify a denial of greater sentencing latitude in an appropriate case. If, under existing conditions, there are reasons for the one-year limit on confinement in the county jail other than to protect the defendant, the Legislature may declare them by amending section 19a. Even if there are public interests involved, the Legislature may deem it appropriate to include express provisions relating to waiver. (See, e.g., §§ 859b, 1382, subd. 2.)

We remand for resentencing. In doing so we express no opinion about the proper sentencing choice.

## II

Defendant also contends the trial court abused its discretion in rejecting his request for a Youth Authority referral and commitment pursuant to sections

1731.5 and 1731.6 of the Welfare and Institutions Code.[4] In view of this court's holding on the primary issue, this contention does not require extended discussion.

Preliminarily, defendant asserts the trial court erred in failing to state its reasons for rejecting a Youth Authority commitment under Welfare and Institutions Code section 1731.5. We disagree.

The trial court heard arguments on the issue of Youth Authority commitment and immediately thereafter explained its decision to impose a prison term. No more was required under *People* v. *Bracamonte* (1982) 137 Cal.App.3d 936 [187 Cal.Rptr. 525].

At the time defendant was apprehended on the charges to which he entered a plea of nolo contendere he was 20 years of age. He was eligible under the other criteria for referral to the Youth Authority under Welfare and Institutions Code section 1731.6. But under that statute the propriety of a Youth Authority commitment is a matter within the trial court's discretion. (*People* v. *Martin* (1980) 108 Cal.App.3d 1014, 1020 [167 Cal.Rptr. 33].) "The standard for exercise of that discretion is the offender's suitability for the rehabilitative program of the Youth Authority; the social interests usually involved in fixing sentence would also play a part." (*Id.,* at p. 1021.)

The sentencing court's rejection of a Youth Authority disposition can be inferred from its statement of reasons in imposing a prison sentence. (*People* v. *Bracamonte, supra,* 137 Cal.App.3d at p. 940.) In imposing the middle term the court in the case at bench noted one factor in mitigation: that defendant had a "minor" prior record. Defendant's record consisted of one prior conviction, based upon his October 1980 guilty plea to a charge of receiving stolen property. For that offense, defendant had been placed on three years' probation and was still on probation when he committed the instant offenses. As factors in aggravation, the court noted the latter fact and cited several factors pertaining to the crimes at hand: "The crime involved great bodily injury, in that [the driver of the car struck by defendant] is still undergoing medical care; two, the crime involved multiple victims; three, the planning with which the crime was carried out indicates premeditation; four, the crime involved taking of or damage of great monetary value . . . ."

---

[4]Welfare and Institutions Code section 1731.5 authorizes the trial court to commit to the Youth Authority any person who was less than 21 years of age at the time of apprehension, subject to certain exceptions not here pertinent. Welfare and Institutions Code section 1731.6 provides that the court may continue the sentencing hearing and place the defendant in a Youth Authority facility "for a period not to exceed 90 days, with the further provision in such order that the Director of the Youth Authority report to the court its diagnosis and recommendations concerning the person within the 90-day period."

Based on the information before the trial judge and the findings he made in support of his decision to sentence the defendant to three years in prison, we cannot say he abused his discretion in rejecting defendant's request for a Youth Authority referral and commitment. This is true even though we have difficulty reconciling his rejection with his statement of willingness to go along with a grant of probation upon condition of a three-year county jail commitment. In any event, the sentencing judge will have an opportunity to consider probation or Youth Authority referral and commitment as well as a prison commitment upon remand.

The judgment of conviction is affirmed. The judgment imposing sentence is reversed and the cause is remanded to the trial court for resentencing.

Zenovich, Acting P. J., and Woolpert, J., concurred.