[Nos. A027500, A028041. First Dist., Div. Five. Mar. 6, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
DENNIS SCHNAIBLE, Defendant and Appellant.

COUNSEL

Jon C. Minsloff, under appointment by the Court of Appeal, Biggam, Christensen & Minsloff and George H. Smith for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Robert R. Granucci, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

KING, J.—■ In this case we hold that a defendant who spends time on an outpatient basis in a drug rehabilitation program as a condition of probation is not entitled to custodial credits against a sentence imposed upon a subsequent revocation of his probation.

An information filed on June 4, 1981, charged Dennis Schnaible with receiving stolen property (Pen. Code, § 496). Schnaible pleaded guilty and was placed on five years' probation.

A subsequent information filed on September 23, 1982, charged Schnaible with two counts of grand theft (Pen. Code, § 487a, subd. (a)), two counts of burglary (Pen. Code, § 459), and one count of receiving stolen property. The two causes were joined by court order. Schnaible pleaded nolo contendere to one count of grand theft. The court sentenced him to the upper term of three years' imprisonment for grand theft, but suspended imposition of sentence and reinstated probation on the condition, among others, that Schnaible participate in the "Genesis House" rehabilitation program.

Schnaible was a live-in patient at Genesis House for 191 days. He spent 91 additional days as an outpatient at Genesis House, living and working on the outside but still participating in the Genesis House program.

On May 3, 1984, the court found that Schnaible had violated the conditions of his probation. The court revoked probation and ordered the three-year suspended sentence into execution. The court also imposed a concurrent two-year sentence for the offense charged in the information of June 4, 1981. The court granted 406 days' credit against the sentence, including 191 days for the time Schnaible spent as an inpatient at Genesis House, but denied credit for the 91 days Schnaible spent as an outpatient in the program.

Schnaible appeals in each of the joined cases, challenging the computation of sentence credits because of the denial of credit for his outpatient time.

Because the same issue is presented in both cases, we order the appeals consolidated and render a single opinion affirming the judgments.

Schnaible contends the court erred in denying sentence credit for the time he spent as an outpatient with the Genesis House program. Penal Code section 2900.5 provides for credit for time spent "in custody, including but not limited to any time spent in a jail, camp, work furlough facility, halfway house, rehabilitation facility, hospital, prison, juvenile detention facility, or similar residential institution . . . ." The issue presented is whether time spent as an outpatient in a drug rehabilitation program is custodial within the meaning of section 2900.5.

The answer is found in section 2900.5 itself, in its provision for credit for time spent in specified types of facilities or a "similar *residential* institution." (Italics added.) The term "residential" gives meaning to the term "custody," and makes clear the Legislature's intent to limit crédit under section 2900.5 to time spent in a residential program, institution, or other facility. This interpretation is supported by a statement of intent by the author of the 1976 bill amending section 2900.5 to authorize credit for time spent in institutions other than jail; the author stated that the amendment "was generally intended for *live-in* drug rehabilitation programs of extended duration, whether public or private." (Letter of Aug. 8, 1977, from State Senator Alan Sieroty to Peter Silten, deputy state public defender, quoted in *People* v. *Rodgers* (1978) 79 Cal.App.3d 26, 32 [144 Cal.Rptr. 602].)

Schnaible cites *Rodgers* for the proposition that the concept of "custody" connotes any restraints not shared by the public generally (*id.,* at p. 31), and argues that he was subject to such restraints as an outpatient in the Genesis House program. But the court in *Rodgers* held that the defendant was entitled to credit for time spent as a *live-in* participant in a drug rehabilitation program. The court based its holding not only on the description of the concept of custody cited by Schnaible, which the court adopted by analogy to the concept of custody in habeas corpus proceedings, but also on the above-described statement of legislative intent that the statute apply to live-in drug rehabilitation programs. (*Id.,* at pp. 31-33.) When *Rodgers* was decided, section 2900.5 provided for credit for time spent in specified facilities or a "similar institution." The statute was amended shortly thereafter to add the word "residential" to this description. (Stats. 1978, ch. 304, § 1, p. 632.) The amendment makes clear the Legislature's intent to exclude outpatient treatment as a form of restraint comprising custody within the meaning of section 2900.5. *Rodgers* did not hold otherwise, and any interpretation of the *Rodgers* definition of custody to include outpatient treatment in a drug rehabilitation facility is now precluded by the Legislature's subsequent amendment of Penal Code section 2900.5 to add the re-

quirement of residence. The court properly denied credit for the time Schnaible spent as an outpatient in Genesis House.

The judgments are affirmed.

Low, P. J., and Haning, J., concurred.