[No. C001478. Third Dist. Oct. 20, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
GARY WESLEY HARRIS, Defendant and Appellant.

718

**COUNSEL**

Stanley Naparst, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, and Joel E. Carey, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

HARVEY, J.* —Following his admission to a fourth probation violation, defendant's probation was revoked and he was sentenced to three years in state prison for his conviction of assault with a deadly weapon (Pen. Code, § 245).[1] On appeal, defendant challenges the amount of presentence custody credit given against his prison term, contending his waivers of credits on earlier probation violations were not knowingly and intelligently made. He further challenges the prison commitment itself, contending the trial court erred in failing to give him the option of serving more than one year in the county jail. Only defendant's first contention has merit.

I

Following his 1981 conviction of assault with a deadly weapon, defendant was placed on formal probation for four years, a condition of which was that he serve five months in the county jail. So far as appears from the record, he served that term and earned whatever credit he was entitled to under section 4019.

On June 4, 1982, a petition for violation of probation was filed, alleging abscond (presumably, failure to appear for scheduled appointments and to maintain contact with the probation department). Defendant admitted the violation, and on April 6, 1983, probation was reinstated and extended to July 3, 1986, a condition of which was that defendant serve four months in the county jail. So far as appears from the record, he served that term and earned whatever credit he was entitled to under section 4019.

On November 23, 1983, a second petition for violation of probation was filed, again alleging abscond. On March 8, 1984, defendant waived presentence credit and probation was reinstated, but he was given credit for 47 days of actual custody in the county jail pending completion of the probation revocation proceeding. However, including the first day of custody (Jan. 21, 1984) as well as the last (Mar. 8, 1984), he actually served 48 days in custody.

On June 29, 1984, a third petition for violation of probation was filed, again alleging abscond. On November 27, 1984, defendant again waived presentence credit and probation was again reinstated, a condition of which was that he serve eight months in the county jail. Again, so far as appears from the record, he served that term and earned whatever credit he was

---

* Assigned by the Chairperson of the Judicial Council.
[1] All references to sections of an unspecified code are to the Penal Code.

entitled to under section 4019; but he was not given any credit for four months of actual time in custody pending disposition of the probation revocation proceedings.

On December 19, 1985, the instant petition for violation of probation was filed, again alleging abscond (failure to appear for two scheduled appointments with and failure to contact the probation department). On April 15, 1986, probation was revoked and defendant was sentenced to three years in state prison for the underlying conviction. The sentencing court credited defendant with 12 months for the time served in county jail on the third probation violation, plus 126 days for custodial time (84 days of actual custody and 42 days of credit under section 4019) awaiting judgment and sentence on the fourth violation (Pen. Code, §§ 2900.5, 4019). The court denied credit for time previously waived. This appeal followed.

## II

■ We first consider the People's assertion that defendant's appeal has become moot. The People contend that because defendant was released on parole on February 26, 1987,[2] a disposition favorable to him would be of no consequence. We disagree. To the extent the appeal challenges the amount of presentence credits awarded against defendant's prison sentence, a disposition favorable to defendant would constructively move his official release from prison to an earlier date, thereby shortening the period of time to which he is subject to the legal custody and control of the Department of Corrections as a parolee, as well as enhancing defendant's period of nonsuspended parole leading to discharge. (See Pen. Code, §§ 1170, subd. (a)(2), 2900.5, subd. (c), 3000, 3001, 3053, 3056; In re Welch (1987) 190 Cal.App.3d 407, 410-411 [235 Cal.Rptr. 470]; People v. Cooper (1984) 153 Cal.App.3d 480, 482, fn. 1 [200 Cal.Rptr. 317]; In re Kemper (1980) 112 Cal.App.3d 434, 437-438 [169 Cal.Rptr. 513]; In re Sosa (1980) 102 Cal.App.3d 1002, 1005-1006 [162 Cal.Rptr. 646].) In addition, the time a prisoner is deemed to have been under the custody of the Department of Corrections affects the "wash out" period beyond which, upon a subsequent felony conviction, a sentence enhancement pursuant to Penal Code section 667.5 is not authorized. Finally, to the extent defendant challenges the prison commitment itself, a disposition favorable to him would leave him not subject at all to a subsequent Penal Code section 667.5 enhancement for the present conviction. (See People v. Johnson (1978) 82 Cal.App.3d 183, 189, fn. 5 [147 Cal.Rptr. 55].) Accordingly, we reach the issues.

---

[2] This fact is merely asserted in the People's brief and is outside the record on appeal.

### III

■ Defendant contends he should have been awarded credit against his prison sentence for county jail time served prior to his third probation violation. He argues that his prior waivers of credit for that time were not made with the knowledge that he was also waiving credit against a prison term imposed for a subsequent probation violation. The contention has merit.

In *People* v. *Johnson, supra,* 82 Cal.App.3d 183, the court considered the problem a sentencing court may have when a repeat probation violator has run up against the limits of Penal Code section 19a (confinement in county jail as condition of probation not to exceed one year) and yet the court considers state prison inappropriate: "the court is faced with the Hobson's choice of the 'joint' or a 'straight walk.' This denies to the court a useful and realistic sentencing tool and is often grossly unfair to the defendant. Many of them simply need additional time in jail to dry out. Many of them need some additional time in jail to bring home the realization that being on probation means more than just sending in a monthly report—in other words that probation has some teeth. However, many do not actually deserve prison." (82 Cal.App.3d at p. 187.) Accordingly, the court held that "a proper interpretation of Penal Code section 2900.5 permits a defendant to knowingly and intelligently waive the provisions thereof that require all days of custody be credited to his sentence, including any period of imprisonment as a condition of probation." (82 Cal.App.3d at p. 188.)

In *People* v. *Zuniga* (1980) 108 Cal.App.3d 739 [166 Cal.Rptr. 549], the court, applying contract principles, held that a *"Johnson* waiver" also waives credit against a prison sentence imposed upon a subsequent revocation of probation: "Defendant, in effect, bargained for a probationary sentence by initially waiving the provisions of Penal Code section 2900.5. . . . Defendant now seeks to retract his portion of the bargain on the basis that he now has been removed from probation and sentenced to state prison. His argument appeals to neither logic nor justice. [¶] . . . He cannot use his own misconduct as a basis for setting aside the waiver which he executed as a condition for obtaining leniency in the first instance—in effect a renegotiation of his sentence on his own terms." (108 Cal.App.3d at p. 743.)

In this case, defendant entered *"Johnson* waivers" upon sentencing on his second and third probation violations. The sentencing court, noting it was bound by *Zuniga,* declined to permit defendant credit against his prison sentence for the time waived. The court failed to consider, however,

whether the waivers were "knowingly and intelligently" made.[3] We do consider the issue, and upon examination of the record in this case we are persuaded that defendant, when he entered into the waivers, did so without the knowledge that he was also waiving credit agsinst a subsequent prison sentence. We first set forth the exchange that occurred at sentencing on defendant's second probation violation:

"MR. ROEHR [defense attorney]: I think we're prepared to submit it on the [probation] report, your Honor.

"THE COURT: It suggests a Johnson waiver. Any comment on that?

"MR. ROEHR: It would appear that there is a period in excess of thirty days, maybe up to sixty days, that could be given without that if the Court intends to go over thirty to sixty days.

"THE COURT: He either wants to enter a Johnson waiver or he doesn't.

"MR. ROEHR: Well, we're willing to do that, certainly, if it's necessary. My only point is that if it's not necessary, we wouldn't be inclined to do that.

"THE COURT: It is necessary.[4]

"MR. ROEHR: Yes, he's prepared to enter a Johnson waiver.

"THE COURT: Have you discussed that, explained that to him?

"MR. ROEHR: I have not discussed that with him. He is aware of it. It has previously been discussed with him by others.

". . . . . . . . . . . . . . . .

"THE COURT: Mr. [Harris], what we're discussing now is that if you want me to go ahead with it, I'm going to require that you waive that ten months [already served], and we're going to start the year all over again. Do you understand that?

---

[3] In light of representations made by defendant and his counsel that the waivers were not knowingly and intelligently made, the court did, however, give defendant an opportunity to withdraw his admission to the probation violation.

[4] As it turned out, the waiver was not necessary. The court ordered defendant to serve 47 days in the county jail as a condition of probation giving him credit for the time he had already been in custody. When added to the nine months previously served, the total time was still within the limits of Penal Code section 19a.

"THE DEFENDANT: Yeah.

"THE COURT: You'd be subject to as much as one year in the county jail all over again. Do you want to make that waiver?

"THE DEFENDANT: Yes, your Honor."

The face of the record is clear—defendant was not made aware, by either his attorney or the court, that he was giving away credits on a prison sentence upon a subsequent probation violation.

We now set forth the exchange that occurred at sentencing on defendant's third probation violation:

"THE COURT: I frankly don't feel that is the type of offense in which a prison term really is involved. I think eight or nine months in the County Jail should maybe remind Mr. Harris once again that if he keeps playing games he's going to go to the joint, no two ifs ands or buts about it. He's prepared to sign a 2900.5 waiver at this particular time, I'm prepared to give him eight months in the County Jail.

"MR. ROEHR: My understanding you're prepared to sign that waiver to the branch over County Jail rather than the joint?

"THE DEFENDANT: No time served?

"MR. ROEHR: That's right. Eight months with no time.

"THE DEFENDANT: You mean all this time I've been in doesn't count?

"MR. ROEHR: That's right, not toward that eight months.

"THE DEFENDANT: Since I've been busted?

"MR. ROEHR: Yeah.

"THE DEFENDANT: Oh, it does count?

"MR. ROEHR: No, it does not count for that eight months. How much time have you been here?

"THE DEFENDANT: Since late July, I think it is.

"MR. ROEHR: No, it doesn't count. You're waiving credit for that time and giving up credit for that time. The only alternative—

"THE COURT: You want to put this over so you can think about it, Mr. Roehr?

"MR. ROEHR: I think we can come to a decision rather quickly.

"THE COURT: Sure.

"MR. ROEHR: The only other alternative you have is being sentenced to State Prison.

"Maybe we should take some time to talk about it, I think. Things are not real good in prison.

"You're talking about eight months right here, local.

"THE DEFENDANT: I'll waive time.

"MR. ROEHR: Mr. Harris indicates he is prepared to waive credit for time previously served.

"   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"THE COURT: You understand, Mr. Harris, by signing a 2900.5 waiver, this gives me the right to give you an additional eight months in the County Jail with no time credit for time that you have spent in the County Jail on this particular last time; do you understand that, sir?

"THE DEFENDANT: Yes. Yes, your Honor."

Again, there is no indication here that defendant was aware he was waiving credit against a potential prison sentence. Furthermore, there appears some uncertainty as to how much time he was informed he was waiving. It appears from the colloquy that defendant had been in custody for four months awaiting sentence on this third probation violation, and it further appears that that was the time he was informed he was waiving, not any prior incarcerations in the county jail as a condition of his probation.

Finally, we set forth the representations made at the present sentencing proceeding that indicate defendant was not made aware of the trap being set for him with the "*Johnson* waivers":

"MR. ROEHR: The issue, as the Court's aware, is whether he's to receive credit for his Johnson waiver time or not. My position is that I don't know whether or not at some point in the past when we waived Johnson that I stated on the record that we anticipated that if he were to go to state prison, he'd get credit for all that time. I do that sometimes on a Johnson waiver case, I can't say that I do it every time, and I don't yet know whether I did it in this case.

"... . . . . . . . . . . . . . . . . .

"I would also indicate to the Court at this time that before Mr. Harris entered his admission of the violation of probation in this case, I advised him that he would get credit for all of his Johnson waiver time, were he sentenced to prison. I did that based on my experience, that being the case in virtually every case I've ever stood up on, where Johnson waiver is in issue and a man's going to prison.

"... . . . . . . . . . . . . . . . . .

"THE DEFENDANT: May I say something?

"THE COURT: Sure.

"THE DEFENDANT: I wouldn't never have signed that if I was under the impression that I was waiving it for state time. I thought I was just signing it waiving county time to do up to another year's county time, and now I come back and he's telling me I'm waiving the state. So it's something that to me, I should have—should have been made clear to me, which it wasn't. I thought I was—I was under the impression the other way, I wasn't going to waive any state time, just waiving county time, and now I did all that time and they tell me it's for nothing, you know. . . . "

A "knowing and intelligent waiver" of a right implies that the waiver was entered into with awareness of its consequences. (*People* v. *Narron* (1987) 192 Cal.App.3d 724, 730 [237 Cal.Rptr. 693]; *In re Starr* (1986) 187 Cal.App.3d 1550, 1554 [232 Cal.Rptr. 487]; *People* v. *Longwith* (1981) 125 Cal.App.3d 400, 413 [178 Cal.Rptr. 136].) On the record before us, we can only conclude defendant's "*Johnson* waivers" were not knowingly and intelligently made. Moreover, the prejudice is apparent by defendant's own representation to the court. (Cf. *In re Ronald E.* (1977) 19 Cal.3d 315, 325-326 [137 Cal.Rptr. 781, 562 P.2d 684].) Permitting defendant to withdraw his admission to the probation violation was a meaningless remedy; the court should have awarded defendant credit for all time previously waived. According to the records, that time amounted to 17 months that included

credits under section 4019,[5] and an additional 5 months, 18 days, of actual custody for which no credits under section 4019 had been given.[6] Including the custody time and credits accrued while this probation revocation proceeding was pending,[7] defendant should have been given credit for 29 months, 18 days, against his prison sentence, and the judgment shall be modified accordingly.[8]

## IV

■ Defendant contends the trial court erred in failing to give him the option of serving more than one year in the county jail rather than serving a prison sentence. This contention has no merit.

In *People* v. *Bailey* (1983) 140 Cal.App.3d 828 [189 Cal.Rptr. 918], the sentencing court was inclined to grant the defendant probation on the condition that he serve three years in the county jail, but, persuaded that Penal Code section 19a barred such a disposition, sentenced the defendant to state prison. The Court of Appeal, following the reasoning of *People* v. *Johnson, supra,* 82 Cal.App.3d 183, held, "Having concluded that section 19a was designed exclusively for the defendant's protection, we see no legal impediment to defendant's knowing and intelligent waiver of the one-year limitation therein on confinement in the county jail. This permits the sentencing court at least to consider whether the defendant merits a grant of probation in those cases where a one-year term of local confinement seems inappropriately brief and a prison commitment unduly harsh." (140 Cal.App.3d at p. 831.)

Defendant misreads *Bailey* when he argues that "probation violators must be offered the right to serve more than one year in the county jail, in lieu of being sentenced to prison." *Bailey* creates neither a right nor an option in defendants to be sentenced to more than one year in the county jail; that option is the sentencing court's, in the exercise of its sound discretion. (*People* v. *Bailey, supra,* 140 Cal.App.3d at p. 832; see *People* v. *Edwards* (1976) 18 Cal.3d 796, 807 [135 Cal.Rptr. 411, 557 P.2d 995] ["A

[5] The defendant served the following jail terms for which he received conduct credits under section 4019: 1981-five months; 1982-four months; 1984-eight months. The total is 17 months.

[6] The defendant served the following jail terms without receiving section 4019 credits: January 21 to March 8, 1984 - 48 days; July to November 1984 - four months. The total is five months, eighteen days. Adding section 4019 credits brings the total to eight months, twelve days.

[7] Eighty-four days of actual custody and 42 days of section 4019 credits, for a total of 4 months, 6 days.

[8] Seventeen months, plus 8 months and 12 days, plus 4 months and 6 days totals 29 months and 18 days.

denial of a grant of probation generally rests within the broad discretion of the trial court and should not and will not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary or capricious manner."].) Defendant has failed to show that the sentencing court abused its discretion in ordering a state prison commitment following defendant's fourth probation violation.

### DISPOSITION

The judgment is modified to grant presentence credits of 29 months and 18 days instead of the 16 months and 6 days given by the sentencing court. The superior court is directed to amend the abstract of judgment accordingly and to forward a copy of the amended abstract to the Department of Corrections. As so modified, the judgment is affirmed.

Carr, Acting P. J., and Sims, J., concurred.