Filed 7/17/23 P. v. Neely CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JALIEL RASHAD NEELY,<br><br>    Defendant and Appellant. | 2d Crim. No. B320669<br>(Super. Ct. No. TA084532)<br>(Los Angeles County) |

This is the third appeal arising from Jaliel Rashad Neely's 2007 convictions for murder and attempted robbery. We affirmed the convictions in *People v. Neely* (2009) 176 Cal.App.4th 787, 791, 793 (*Neely I*).) A second appeal followed the denial of his petition for resentencing under Penal Code section 1172.6.[1] We reversed the denial, vacated his murder conviction, and remanded for resentencing on the remaining counts. (*People v.*

---

[1] All undesignated statutory references are to the Penal Code unless otherwise stated.

*Neely* (March 1, 2022, B303324) [nonpub. opn.] (*Neely II*).) This third appeal follows his resentencing on remand.

Neely contends the trial court erred when it imposed a firearm enhancement on each of his two attempted robbery convictions, then selected the high and middle terms on those convictions instead of the low term. He also requests we terminate his current parole supervision. We reverse and remand for resentencing but decline to address Neely's parole supervision because the issue is not properly before the court.

FACTUAL AND PROCEDURAL BACKGROUND[2]

Brandon Meeks, Neely, and M.W. entered Oluwaseyi Awoleye's cell phone store in 2005. Meeks made his way behind the counter, pushed Awoleye to the floor, and held a gun to his head. Neely and M.W. remained in the front area where 18-year-old Johnny King worked at a computer terminal. Awoleye heard one of the suspects in front yelling at King. Seconds later a gun fired and all three suspects fled. Awoleye got up and found King lying face down on the ground. He later died from a single gunshot wound to the chest.

Awoleye picked the suspects out of a photographic lineup the next day. He identified Meeks as the one who held him at gunpoint. Awoleye recognized Neely and M.W. but could not confirm which one shot King. He remembered M.W. from a prior store visit and gave police an address M.W.'s mother left on a cell service application. Police quickly arrested all three suspects. Neely admitted they planned to steal cell phones but denied carrying a gun into the store. He blamed M.W for shooting King.

---

[2] The facts are adapted from our opinion on Neely's direct appeal. (*Neely I, supra*, 176 Cal.App.4th at pp. 792-793.)

*Original Charges*

Prosecutors charged Neely and Meeks with first degree murder (count 1) (§§ 187, subd. (a); 189) and two counts of second degree attempted robbery – one naming King as the victim (count 2) and the other Awoleye (count 4) (§§ 664/211).  Neely also faced a single count of possession of cocaine base for sale (count 3) (Health & Saf. Code, § 11351.5).  M.W. was not charged.

Count 1 included a robbery-murder special circumstance. (§ 190.2, subd. (a)(17).)  Counts 1 and 4 (Awoleye attempted robbery) included a gang enhancement (§ 186.22, subd. (b)(1)(A)) and three firearms enhancements (§ 12022.53, subds. (b)-(d)).[3] Count 2 (King attempted robbery) included no enhancements.[4] The court bifurcated trial on the gang and firearms enhancements at the request of defense counsel.

*Neely I*

A jury convicted Neely and Meeks on the murder count but found the robbery-murder special circumstance allegation not true.  The jury convicted them on both counts of attempted robbery as well.  After a short recess, the parties returned with a

---

[3] The firearms enhancements included:  personal use of a firearm in the commission of a violent felony (§ 12022.53, subd. (b)); personal and intentional discharge of a firearm in the commission of a violent felony (*Id.*, subd. (c)); and personal and intentional discharge of a firearm in the commission of a violent felony causing great bodily injury or death (*Id.*, subd. (d)).

[4] The original information (filed June 28, 2006) and first amended information (filed August 10, 2006) included gang and firearms enhancements on the attempted robbery charge tied to King (count 2).  The operative charging document, i.e., the second amended information (filed November 29, 2006), did not.

stipulated disposition on the gang and firearm enhancements. Neely and Meeks each admitted a single "personal use" firearm enhancement on the murder count under section 12022.53, subdivision (b) in exchange for dismissal of all other enhancements, including those sought for the attempted robbery of Awoleye (count 4). This allowed the court to skip the bifurcated phase of trial and proceed directly to sentencing.

Neely received 25 years to life for first degree murder, plus a consecutive term of 10 years for the firearm enhancement; a consecutive term of one year for King's attempted robbery; a concurrent term of three years for Awoleye's attempted robbery; and a concurrent term of four years for the drug conviction. (*Neely I*, *supra*, 176 Cal.App.4th at p. 793.) We affirmed Neely's convictions on his direct appeal but remanded for resentencing of the determinate terms imposed on the robbery and drug counts. (*Id.* at p. 792.) The trial court reduced his sentence by one year.

*Neely II*

Neely petitioned for recall and resentencing under newly enacted former section 1170.95 (now section 1172.6) in 2019.[5] The trial court summarily denied the petition based on its review of the case file. It found Neely "was the actual killer," "pointed [a gun] directly at the victim's head when the victim was shot," and "was identified as the shooter by eyewitnesses." It issued no order to show cause and did not hold an evidentiary hearing.

Neely appealed. We reversed, holding the "not true" finding on the robbery-murder special circumstance constituted ""a prior finding by a . . . jury that the petitioner did not act with reckless indifference to human life or was not a major

---

[5] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no changes in text (Stats. 2022, ch. 58, § 10).

4

participant"""" in the felony underlying Neely's murder conviction. (*Neely II*, *supra*, B303324 quoting *People v. Harrison* (2021) 73 Cal.App.5th 429, 433; *People v. Clayton* (2021) 66 Cal.App.5th 145, 149, 158-159.)  We remanded the case with instructions to grant the petition pursuant to section 1172.6, subdivision (d)(2), vacate the murder conviction, and resentence Neely on the remaining counts.

*Resentencing After Neely II*

The trial court resentenced Neely on remand to 18 years in prison, as follows:  (1) 13 years for King's attempted robbery (the upper term of three years plus a 10 year firearm enhancement under section 12022.53, subdivision (b)); (2) four years for Awoleye's attempted robbery (one-third of the mid-term of two years, or eight months, plus one third of a 10-year firearm enhancement, or three years and four months), running consecutively to the 13-year term; and (3) one year for the drug charge (one-third the middle term of three years), also running consecutively.  The court credited him with time served.  Meeks received a similar sentence.  The Department of Corrections and Rehabilitation released Neely on a two-year parole supervision term in August of 2022.[6]

---

[6] The parties jointly submitted a certified letter dated May 18, 2023, to this court from the Department of Corrections and Rehabilitation confirming Neely's release date and parole status. We take judicial notice of this information on our own motion. (Evid. Code, § 452, subds. (c), (h).)

## DISCUSSION
### A. Mootness

The People argue Neely's release on parole moots the appeal of his resentencing.  The appeal is not moot.  Neely seeks to modify the felony abstract of judgment by striking enhancements and terms from his sentence.  A favorable disposition may, among other consequences, "constructively move [defendant's] official release from prison to an earlier date."  (See *People v. Harris* (1987) 195 Cal.App.3d 717, 720, disapproved on another ground in *People v. Arnold* (2004) 33 Cal.4th 294, 307 [released prisoner's appeal not moot because award of additional custody credits would affect the "wash out" period for new offense enhancements under section 667.5].)

### B. Firearm Enhancements

Neely contends the trial court erred on resentencing by imposing personal use firearm enhancements on his convictions for attempted robbery of King (count 2) and attempted robbery of Awoleye (count 4).  In response, the People contend the court properly imposed the enhancements pursuant to its authority to redesignate Neely's murder conviction under section 1172.6, subdivision (e).[7]  We review this question of statutory interpretation de novo.  (*People v. Lewis* (2021) 11 Cal.5th 952, 961.)

---

[7] Section 1172.6, subdivision (e) states:  "The petitioner's conviction shall be redesignated as the target offense or underlying felony for resentencing purposes if the petitioner is entitled to relief pursuant to this section, murder or attempted murder was charged generically, and the target offense was not charged.  Any applicable statute of limitations shall not be a bar to the court's redesignation of the offense for this purpose."

We agree the court erred when it imposed the enhancements. The People's second amended information did not allege firearm enhancements on count 2. This alone precluded imposing the enhancement on that count. (See *People v. Anderson* (2020) 9 Cal.5th 946, 953, quoting section 1170.1, subdivision (e) ["As a rule, all sentence enhancements 'shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact'"].) The count 4 enhancement was likewise error. The People dismissed it after the first phase of trial in exchange for Neely admitting a single "personal use" enhancement on his felony murder conviction (count 1). The colloquy among counsel, defendants, and the court left no doubt Neely's admission applied only to count 1. By foregoing the bifurcated phase of trial, the parties left unresolved any factual issues relating to Neely's personal use of a gun during the attempted robbery of Awoleye.[8] This included the crucial (and open) question of whether Neely "actually pulled the trigger."

We reject the People's contention that section 1172.6, subdivision (e) allowed the trial court to re-open these issues. Subdivision (e) applies only when "the target offense [or underlying felony] was not charged" and the trial court must select the appropriate crime for resentencing purposes. (See *People v. Watson* (2021) 64 Cal.App.5th 474, 483 [trial court's flexibility in redesignating the appropriate offense is necessary "to ensure that punishment is calibrated to culpability"].) Redesignation was not required here. The People charged two target offenses: (1) the attempted robbery of King; and (2) the

_____

[8] The jury made no findings after the first phase of trial about Neely's use of a firearm.

7

attempted robbery of Awoleye.[9]  The jury convicted Neely on both counts.  These and the drug conviction were the only "remaining counts" requiring resentencing on remand after *Neely II*.[10]

The record does not support firearm enhancements even if doing so were authorized by subdivision (e).  The trial court cited the People's one-page sentencing brief as the basis of the new sentence.  The brief asserted, among other things, that the court had previously found Neely "personally used a firearm"; "personally held the decedent at gunpoint throughout the duration of the robbery," and ultimately "shot and killed the 18-year old victim."  The People reiterated these assertions orally at resentencing.  Doing so was misleading.  The jury did not resolve these allegations because the parties decided to forego trial on the bifurcated issues.  Instead, the People's brief appears to incorporate the "findings" made by the trial court when it summarily denied the petition for resentencing – the same decision in which the trial court branded Neely the "actual shooter" and found he "pointed [a gun] directly at the victim's

---

[9] A target offense "is the intended offense from which the natural and probable consequences arise" for felony murder convictions based on the natural and probable consequences doctrine.  (*People v. Medina* (2009) 46 Cal.4th 913, 920.)

[10] The Courts of Appeal are split on whether section 1172.6, subdivision (e) allows the trial court to impose enhancements on redesignated offenses.  Our high court recently granted review of the question.  (See *People v. Arellano* (2022) 86 Cal.App.5th 418, review granted March 15, 2023, S277962 [subdivision (e) does not permit enhancements on resentencing]; contra *People v. Howard* (2020) 50 Cal.App.5th 727 [enhancements permitted if established by the evidence at resentencing hearing].)

head when the victim was shot." We reversed this ruling in *Neely II*. More troubling, the record confirms these findings distorted the evidence at trial.[11] The sole eyewitness, Awoleye, never testified that Neely pointed a gun at King's head during the attempted robbery or fired the gun while doing so. Awoleye described *Meeks* as the suspect who held a gun to *Awoleye's* head and, more importantly, said he could not confirm from his position on the ground whether Neely or M.W. shot King. The trial court thus imposed the new sentence on the same inaccurate and unproven assumptions that led it to deny the petition in the first place.

### C. Terms of Imprisonment

Neely contends the trial court erred by imposing the upper term on count 2 (attempted robbery of King) and one-third the middle term on count 3 (possession of cocaine base) and count 4 (attempted robbery of Awoleye). He argues amendments enacted by Senate Bill 567 (2021-2022 Reg. Sess.) (SB 567) required the court to impose the low term on all counts because: (1) the People did not prove aggravating circumstances beyond a reasonable doubt; and (2) the low term is the presumptive sentence for a defendant who was a youth at the time of the offense. The People do not dispute SB 567's amendments apply to Neely's resentencing.[12] We reverse this part of the sentence as well.

---

[11] In addition, the trial court incorrectly read our opinion in *Neely I* as reflecting Neely "was the actual shooter." It did not.

[12] Ameliorative statutes generally apply retroactively to non-final criminal judgments only, e.g., those pending on appeal. (*In re Estrada* (1965) 63 Cal.2d 740, 745.) Neely's judgment became nonfinal for purposes of retroactivity when we vacated his sentence and remanded the case in *Neely II*. (See *People v.*

9

Former section 1170, subdivision (b) gave trial courts discretion to decide which of the three terms specified for an offense would best serve the interests of justice.  SB 567 amended subdivision (b) to require, among other things, imposing the middle term as the presumptive sentence.  (§ 1170, subd. (b)(1) & (2); Stats. 2021, ch. 731, § 1.3.)  Courts may now impose the upper term "only where there are aggravating circumstances in the crime and the defendant *has either stipulated to the facts underlying those circumstances or they have been found true beyond a reasonable doubt.*"  (*People v. Flores* (2022) 75 Cal.App.5th 495, 500, italics added.)  The lower term is the presumptive sentence if the defendant, as here, "was a youth . . . at the time of the commission of the offense."  (§ 1170, subd. (b)(6)(B).)

The trial court cited the following aggravating factors when it resentenced Neely:  the crime "involved great violence, great bodily harm, and the threat of great bodily harm, possessing a high degree of viciousness and callousness; the defendant was armed at the time of the offense; the victims were particularly vulnerable; the offense involved multiple victims; the planning, sophistication and professionalism with which the crime was carried out indicated premeditation; the defendant's prior

*Guillory* (2022) 82 Cal.App.5th 326, 335-336, citing *People v. Padilla* (2022) 13 Cal.5th 152, 161-162 ["An order to show cause under section 1172.6 does not vacate the petitioner's sentence but, like the habeas corpus petition in *Padilla*, sets in motion proceedings to determine whether the petitioner is entitled to vacatur and resentencing.  (§ 1172.6, subd. (d)(1).)  The original judgment remains final until that determination is made."].)

convictions are of increasing seriousness; and, again, he was engaged in violent conduct, which indicates danger to society."[13]

Neeley did not stipulate to the facts supporting these factors. The People contend we should nevertheless affirm the upper and middle terms because the trial court found these factors true "pursuant to its statutory authority under section 1172.6 to redesignate and resentence appellant." As discussed above, this case did not require the court to redesignate Neely's murder conviction because he was charged and convicted of the target offenses. We must instead determine which, if any, of the aggravating factors were based on facts found true beyond a reasonable doubt *at trial* by the jury. (§ 1170, subd. (b)(2).)

The finding that Neely acted with a "high degree of viciousness and callousness" conflicts with the jury's "not true" finding on the People's special circumstances allegation, i.e., that he was the actual killer, acted with intent to kill, or acted with reckless indifference to human life and was a major participant in the crime. (§ 190.2, subd. (a)(17). Whether Neely "was armed at the time of the offense" was a question left unanswered when the parties decided to forego the bifurcated phase of trial. Further, the jury did not decide whether the two victims "were particularly vulnerable" and the court did not explain how the verdicts on the attempted robbery counts informed this factor. (See, e.g., *People v. Jones* (2010) 187 Cal.App.4th 266, 274 [occupant of car was "particularly vulnerable, in that the victim has minimal opportunities to escape or otherwise protect himself from the bullets"]; *People v. Alvarado* (2001) 87 Cal.App.4th 178, 195 [trial court properly found robbery victim particularly

---

[13] Rule 4.421(a) of the California Rules of Court lists the factors used to find aggravating circumstances.

vulnerable because she was elderly, lived alone, and spoke no English].) While jurors heard some evidence about the defendants' planning to rob the store in advance, the verdict forms did not require them to decide whether the "planning, sophistication and professionalism" of the attempted robbery "indicated premeditation."

The only aggravating factor proved by the record is the involvement of multiple victims.[14] This is established by the jury's guilty verdicts on the two counts of attempted robbery. Whether this factor outweighs the mitigating factor of Neely's youth is an issue for resentencing on remand. We decline to affirm the terms of imprisonment under the so-called "clear indication" rule. (See *People v. Flowers* (2022) 81 Cal.App.5th 680, 686, citing *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 [reviewing court may affirm sentence where the record "clearly indicate[s]' that the trial court would not impose a more favorable sentence upon theoretical reversal for resentencing"].)

### D. Parole Supervision

Neely was released on parole supervision while this appeal was pending. He requests we terminate his two-year term

---

[14] Neely's 2006 probation report lists one prior sustained juvenile petition for robbery and appears to be the basis of the trial court's finding of "increasing seriousness of prior convictions." (See § 1170, subd. (b)(3) ["the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury"].) A probation report is not a certified record of conviction. (*People v. Dunn* (2022) 81 Cal.App.5th 394, 401.) As such, this factor was not proved by the People at the resentencing hearing on remand.

because the court did not impose parole at resentencing pursuant to section 1172.6, subdivision (h).  We decline for two reasons.

First, the issue is beyond the scope of this appeal.  The trial court credited Neely for time served, imposed an 18-year prison sentence, and directed the Department of Corrections and Rehabilitation (department) to calculate his good time/work time credits.  His subsequent release from prison and placement on probation occurred more than two months after the trial court remanded him to the department's custody.  The conditions of his release were not addressed at the resentencing hearing nor included in the appealed order.

Second, section 1172.6, subdivision (h) does not require the trial court to decide the issue of parole supervision on resentencing.  It states:  "A person who is resentenced pursuant to this section shall be given credit for time served.  The judge may order the petitioner to be subject to parole supervision for up to two years following the completion of the sentence."  The permissive language of the second sentence contrasts with the mandatory language of the first.  Subdivision (h) mandated the trial court credit Neely with time served but gave the court discretion to impose parole supervision upon completion of the new sentence.  (See, e.g., *People v. Lamoureux* (2020) 57 Cal.App.5th 136 [trial court may impose parole supervision regardless of petitioner's excess custody credits upon resentencing].)  The trial court's exercising of this authority is not a prerequisite for the department to impose parole supervision under another statute.  (See, e.g., § 3000.01, subd. (b)(1) ["Any inmate sentenced to a determinate term shall be released on parole for a period of two years"].)

## DISPOSITION

Neely's sentence is vacated and the matter is remanded with directions to: (1) strike the firearm enhancement imposed on counts two and four; and (2) reconsider the sentences imposed on counts two, three, and four consistent with current laws, including section 1170, subdivision (b)(2) and (b)(6). The trial court shall prepare an amended abstract of judgment and forward a copy to the Department of Corrections and Rehabilitation after resentencing. The judgment is affirmed in all other respects.

NOT TO BE PUBLISHED.


CODY, J.

We concur:


GILBERT, P.J.


BALTADANO, J.

14

Kelvin D. Filer, Judge
Superior Court County of Los Angeles
_____


Corey J. Robins, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, Allison H. Chung, Deputy Attorney General, for Plaintiff and Respondent.