[No. H004958. Sixth Dist. Oct. 31, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN EDWIN PROTHRO, Defendant and Appellant.

**COUNSEL**

Bruce Daniel Rosen, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Arnold O. Overoye, Acting Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Christopher J. Wei and Frances Marie Dogan, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ELIA, J.**—After being found an unfit subject to be dealt with in juvenile court (Welf. & Inst. Code, § 707), appellant, who committed this offense three weeks before his eighteenth birthday, was certified to superior court. There appellant pleaded guilty to committing two counts of lewd and lascivious act by force upon a child under the age of fourteen years (Pen. Code, § 288, subd. (b)) and two counts of forcible oral copulation with the same child (Pen. Code, § 288a, subd. (c)). Appellant also admitted personally inflicting great bodily injury in the commission of one of the lewd acts (Pen. Code, § 12022.8). Appellant was remanded to the California Youth Authority (CYA) and evaluated pursuant to Welfare and Institutions Code section 707.2 (section 707.2). After a long hearing, the trial court declined to commit appellant directly to CYA and instead sentenced him to state prison for 17 years and ordered he be housed at CYA pursuant to Welfare and Institutions Code section 1731.5, subdivision (c).

Appellant contends that the trial court did not state sufficient reasons (I) for declining to commit him to CYA despite the unanimous amenability determination in the section 707.2 report and (II) to justify consecutive sentences for two of the counts. We disagree and affirm the judgment.

I

When the sentencing court selected a state prison disposition for this case, it noted on the record that appellant was statutorily ineligible for probation and stated reasons for its choice of the aggravated term and for the imposition of two consecutive terms. The sentencing court also explained what considerations led it to decline to choose a CYA disposition for the case. Appellant contends that, in addition to all this, the sentencing court should have stated a factual basis for its reasons for not selecting the CYA disposition. We disagree.

A sentencing court must state its reasons for "the selection of any disposition of the case which does not amount to a dismissal, acquittal, or grant of a new trial." (Cal. Rules of Court, rule 405 (f).) California Rules of Court, rule 443 requires that "Whenever the giving of reasons by the sentencing judge is required, the judge shall state in simple language the primary factor or factors that support the exercise of discretion or, when applicable, state that the judge has no discretion. The statement need not be in the language of these rules. It shall be delivered orally on the record."

Section 707.2 gives the sentencing court guidance in exercising its discretion when faced with a choice between a CYA commitment or some other

disposition. It states "[t]he need to protect society, the nature and seriousness of the offense, the interests of justice, the suitability of the minor to the training and treatment offered by the Youth Authority, and the needs of the minor shall be the primary considerations in the court's determination of the appropriate disposition for the minor."

*People* v. *Jones* (1988) 46 Cal.3d 585 [250 Cal.Rptr. 635, 758 P.2d 1165], analyzed the legislative history of Section 707.2 and noted that its purpose is " 'to permit minors who are tried in adult court to be sent to state prison regardless of the Youth Authority evaluation. [Citation omitted.]' " (*Id*. at p. 602.) Our Supreme Court said "The legislative history fully supports, indeed compels, the conclusion that the Legislature intended to broaden the sentencing court's discretion in this area." (*Id*. at p. 601.)

In discussing the sentencing court's exercise of discretion, the court said: "The court may decide to reject the recommendation, but its decision to do so must be explained on the record (Pen. Code § 1170, subd. (c); see Cal. Rules of Court, rule 405(f)), and must be based on legitimate factors, such as those listed in section 707.2." (*People* v. *Jones, supra,* 46 Cal.3d at p. 602.) Appellant contends that this language in *Jones,* when read with California Rules of Court, rule 443, requires the sentencing court to state a factual basis for its reasons for not choosing a CYA disposition. Appellant's theory is that, when the court states its reasons for its disposition of a case in the language of a "subjective" rule, rather than an "objective" one, omitting a factual basis for the rule's application renders it necessarily insufficient.

In support of this appellant cites *People* v. *Huber* (1986) 181 Cal.App.3d 601 [227 Cal.Rptr. 113], *People* v. *Turner* (1978) 87 Cal.App.3d 244 [150 Cal.Rptr. 807] and *People* v. *Ibarra* (1982) 134 Cal.App.3d 413 [184 Cal.Rptr. 639]. *Huber* notes that factual elaboration when applying certain circumstances in aggravation would be "extremely helpful in facilitating review" (*People* v. *Huber, supra,* 181 Cal.App.3d at p. 629) but does not impose a requirement of stating a factual basis for reasons given. *Turner* and *Ibarra* both involve sentencing under Penal Code section 1170, subdivision (b) (section 1170 (b)), which specifically mandates that the court "set forth on the record the *facts and reasons* for imposing the upper or lower term" for its sentence choice. (Italics added.) This contrasts with the requirement of Penal Code section 1170, subdivision (c) (section 1170 (c)), which requires only that the court "state the *reasons* for its sentence choice." (Italics added.)

In interpreting this difference between sections 1170(b) and 1170(c), we are mindful that "significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose. Conse-

quently, a construction making some words surplusage is to be avoided. (*Palos Verdes Faculty Assn.* v. *Palos Verdes Peninsula Unified Sch. Dist.* (1978) 21 Cal.3d 650, 658-659 [147 Cal.Rptr. 359, 580 P.2d 1155] . . . .)" *People* v. *Serna* (1988) 203 Cal.App.3d 728, 731 [249 Cal.Rptr. 861]. ■ Thus, while in both instances the sentencing court is required to state *reasons* for its choice, only in sentencing under section 1170(b) must it recite *facts* as well. Any other interpretation would render the "set forth facts" wording of section 1170(b) surplusage.[1]

*Jones* addressed the "weight to be accorded by a sentencing court to a California Youth Authority (YA) amenability determination under Welfare and Institutions Code section 707.2 as amended by the Legislature in 1982." (*People* v. *Jones, supra,* 46 Cal.3d at p. 589.) The court concluded that the sentencing court did not abuse its discretion by imposing a state prison term notwithstanding a positive CYA amenability determination. The court reviewed the comments made by the sentencing court not for the sufficiency of the stated reasons, but to see if the court had abused its discretion in rejecting the CYA disposition. The sentencing court's comments included a discussion of the five factors listed in section 707.2 and did make specific references to the facts of the offenses for which the appellants were being sentenced. The court concluded that appellants had not succeeded "in showing that the court failed to give serious consideration to the YA recommendation, or that the court's decision to disregard that recommendation was based on improper considerations." (*People* v. *Jones, supra,* 46 Cal.3d at p. 603.)

There is authority that the sentencing court is not required to give a statement of reasons for rejecting a CYA disposition for a defendant who was not a minor at the time of the commission of the crime. (*People* v. *Bracamonte* (1982) 137 Cal.App.3d 936, 938-940 [187 Cal.Rptr. 525]; *People* v. *Bailey* (1983) 140 Cal.App.3d 828, 833 [189 Cal.Rptr. 918].) The Advisory Committee Comment to California Rules of Court, rule 443 states "Neither section 1170(c) nor these rules require the judge to give reasons explaining why possible dispositions were rejected; for example, the judge must state his reasons for imposing a prison sentence, but need not explain why he denied probation and did not commit an eligible youth to the Youth Authority." ■ With this in mind, we read *Jones* to require that the

---

[1] One reason for requiring a statement of "facts and reasons" in section 1170(b) and requiring only "reasons" in section 1170(c) is that section 1170(b) is used for imposing an upper or lower term based on circumstances in mitigation and aggravation. The court's sentencing power is limited by the prohibition against the dual use of facts for aggravation and enhancement. (§ 1170(b) and Cal. Rules of Court, rule 441.) Appellate review of alleged dual use of facts error would be far more difficult without requiring the sentencing court to explain which facts it was using for which sentencing purposes. This limitation does not apply to section 1170(c) choices.

record reflect that the court is aware of its discretion to commit an eligible defendant to the CYA, and that its sentencing choice in rejecting that disposition has been based on "legitimate factors." Of course, the court must still explain its reasons for its ultimate sentence choice as required.

■ We now review the record concerning the court's exercise of its discretion in declining to commit appellant to CYA. The underlying offenses for which appellant was sentenced concerned appellant's horrifying and extremely brutal sexual conduct toward a five-year-old girl, who considered appellant her brother, and who was taken by him from her home in the middle of the night. The sentencing court invited the prosecutor and defense attorney to present arguments applying the five factors of section 707.2 to appellant's case. After hearing these lengthy arguments, the court explained its decision to sentence appellant to prison rather than CYA this way: "You are amenable to treatment at the Youth Authority. You're suitable. You would be well suited by treatment there. Your needs would be served. . . . [¶] I've given great thought to this. I've read and reread the report from the Youth Authority. And there are many positive things in that report. However, it is my conclusion in this matter that I would not be serving the interests of justice by committing you to the California Youth Authority, . . . [¶] I do not feel that I can adequately protect society, that I can adequately address the nature and seriousness of the crime that you committed and do all—and do justice and still commit you to the California Youth Authority."

This statement by the court is a sufficient explanation of its decision to reject the CYA recommendation and provides an adequate basis for determining that this exercise of discretion was not an abuse and was guided by the considerations deemed "primary" by the Legislature. This, coupled with the sentencing court's statements regarding its sentence choice of the prison term, exceeds the requirements of the sentencing rules.

## II

■ Appellant contends that the court failed to state sufficient reasons to justify a consecutive sentence. The court sentenced appellant to state prison for an aggregate term of 17 years. That term represents an eight-year aggravated term for one of the Penal Code section 288, subdivision (b) violations, consecutive two-year subordinate terms for the Penal Code section 288a, subdivision (c) violations, and a five-year term for the great bodily injury enhancement. A concurrent six-year middle term was imposed for the remaining Penal Code section 288, subdivision (b) violation.

Explaining its decision to impose these consecutive terms, the court found the crimes were "separate, independent acts of violence" (Cal. Rules of Court, rule 425(a)(2)) and that the convictions for which the sentences were to be imposed were numerous. (Cal. Rules of Court, rule 425(a)(5).) The court did not specifically state that either criterion, standing alone, would justify consecutive rather than concurrent sentences. Appellant presumes from this that "the court relied on the cumulative effect of the two stated reasons and each must be sufficient to justify the exercise of sentencing discretion."

Appellant does not argue that the court's use of the numerous convictions factor was invalid but challenges the use of the separate independent acts of violence factor because the court did not identify the acts involved. As noted in *People* v. *Dreas* (1984) 153 Cal.App.3d 623 [200 Cal.Rptr. 586], "a consecutive term may be held valid even though it is supported only by some (but not all) the circumstances enumerated by the trial court." (*Id.* at p. 636, citing *People* v. *Ginese* (1981) 121 Cal.App.3d 468, 478-479 [175 Cal.Rptr. 383]; *People* v. *Hunt* (1982) 133 Cal.App.3d 543 [184 Cal.Rptr. 197]; *People* v. *White* (1981) 117 Cal.App.3d 270 [172 Cal.Rptr. 612].) Even if we were to assume that the use of the separate acts of violence factor was error, it would be harmless and it is not reasonably probable that a different sentence would have otherwise been reached by the trial court. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243], cert. den. *sub nom. Watson* v. *Teets* (1975) 355 U.S. 846 [2 L.Ed.2d 55, 78 S.Ct. 70].)

The judgment is affirmed.

Agliano, P. J., and Premo, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 1, 1990. Mosk, J., was of the opinion that the petition should be granted.