[No. E010337. Fourth Dist., Div. Two. Dec. 7, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
WAYNE EDWARD ROBINSON, Defendant and Appellant.

**COUNSEL**

Donna L. Groman, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, and Garrett Beaumont, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

DABNEY, Acting P. J.—After a court trial, defendant Wayne Edward Robinson was convicted of four counts of sodomy with a person under the age of eighteen (Pen. Code, § 286, subd. (b)(1)), three counts of oral copulation with a person under the age of eighteen (Pen. Code, § 288a, subd. (b)(1)), all felonies, three misdemeanor counts of annoying or molesting a child (Pen. Code, § 647.6) and one misdemeanor count of failing to register

as a sex offender (Pen. Code, § 290).[1] The court denied probation and imposed a total term of six years and eight months, composed as follows: the three-year upper term on one sodomy conviction, plus four 8-month consecutive terms (§ 1170.1, subd. (a)) for the remaining three sodomy convictions and one oral copulation conviction, and a one-year enhancement under section 667.5. Concurrent upper terms of three years were imposed for the other two oral copulation convictions, and concurrent jail terms were imposed for the misdemeanors.

On this appeal, defendant argues that the court failed to give an adequate statement of reasons for its decision to impose the aggravated term in two of the three instances in which the upper term was selected. He also asserts that the court failed to give any reasons for imposing several consecutive terms. Finally, he asserts that the factors enunciated with respect to the selection of one aggravated term were improper.

We agree that the absence of any reasons for the choice of consecutive sentences requires a remand for resentencing, and we also find the imposition of the aggravated terms unsupported by sufficient reasons. In so holding, we reject the Attorney General's argument that any error was waived by defendant's failure to raise it at the time of sentencing.

STATEMENT OF FACTS

The victim, Cho C., was born on October 31, 1973. He first met defendant in 1988, when Cho hitched a ride with him. At the time, Cho was having problems with the strict disciplinary demands of his uncle, with whom he lived. The pair met several times before defendant ended the "friendship" after Cho mentioned him to a school counselor.

After about a year and a half, in September of 1990, Cho left his card at defendant's apartment, and defendant called him. (Cho was then 16 and would turn 17 on Oct. 31.) They met several times, once going to the races at Santa Anita. After a few months, defendant initiated a sexual relationship with Cho, beginning with hugs, although Cho, for cultural reasons, felt uncomfortable with any physical contact. Nevertheless, Cho participated in sexual conduct, including sodomy and oral copulation, on several separate occasions during November and December 1990. On the date of their last meeting, Cho—who testified that he was reluctant at all times—became distraught and told defendant that he wished to end the relationship. Cho testified that at the time, "I couldn't put up with anymore" and he ran into traffic, "trying to get hit by a car." He wanted to die. When he was not struck

---

[1] All subsequent statutory references are to the Penal Code.

by an automobile, he climbed a light pole, intending possibly to jump, and was eventually taken to a mental facility by police.

The defense was that defendant had a reasonable and good faith belief that Cho was over the age of 18 at the time of the sexual acts. (See *People* v. *Hernandez* (1964) 61 Cal.2d 529, 534-536 [39 Cal.Rptr. 361, 393 P.2d 673, 8 A.L.R.3d 1092].) Cho did possess a "green card" which showed his birth date to be October 31, 1971; however, Cho testified both that this was incorrect and that when he first met defendant in 1988, he informed him that he was not yet 16.

### THE SENTENCING HEARING

Defendant's previous conviction, suffered in 1986, was for sodomy with a person under the age of 16 years. The probation report reflected defendant's admission that he had also had a sexual relationship with a third underage boy. Defendant expressed remorse for what had happened, but insisted that Cho had misled him about his true age.

The court explained its sentencing choices in the following manner. "As to Count 1, I will deny probation. The reason for the denial of probation, Mr. Robinson, is the fact that you have had prior convictions similar to this in the past. But that the nature and extent of your conduct with this young boy who has placed you in the position of trust. You took advantage of him, I believe and that he has paid a great price for your conduct.

"Probation will be denied for violation of section 286 (b)(1). That's sodomy of a person under the—person under the age of eighteen. The aggravated term being three [years] . . .

"Count 2 will be consecutive to Count 1 . . ."

The court proceeded through the other consecutive terms imposed on counts 3, 4, and 5, giving no reasons.

For the concurrent terms, the court stated "Count 6 . . . That for the aggravated term of three years. The reason for the aggravate [*sic*] is the same as I have stated before, your prior prison record and the fact that you took advantage of a young person.

"And Count 7 to be concurrent . . . The aggravated term of three years."

### DISCUSSION

First, as defendant points out, the court gave no reasons whatsoever for its decision to impose a number of consecutive terms. It is well established that the decision to sentence consecutively is a choice for which the

court must place its reasons on the record. (*People* v. *Gutierrez* (1991) 227 Cal.App.3d 1634, 1638 [278 Cal.Rptr. 748]; *People* v. *Bejarano* (1981) 114 Cal.App.3d 693, 704 [173 Cal.Rptr. 71].) While a remand for resentencing is not required if the error is clearly harmless (*Gutierrez, supra*, at p. 1638; *People* v. *McLeod* (1989) 210 Cal.App.3d 585, 590 [258 Cal.Rptr. 496]), we cannot say that this is such a case. The People assert that the offenses involved separate acts committed at separate times, a proper basis for consecutive sentencing. (See Cal. Rules of Court, rule 425(a)(3).)[2] However, as defendant points out, two of the consecutive terms were imposed on counts which arose from incidents which occurred on the same day, and which the testimony suggested occurred in one transaction. (Counts 2 and 5, sodomy and oral copulation, both occurring on Nov. 14, 1990.) Furthermore, the same subdivision of the rule contrasts a series of separate offenses with "a single period of aberrant behavior." An argument can be made that defendant's conduct constituted but one course of conduct; although the court would not have been required to accept such a construction (see *People* v. *Floyd P.* (1988) 198 Cal.App.3d 608, 613 [244 Cal.Rptr. 269]), we will not imply that the court reached a conclusion on the point unfavorable to defendant where the record does not reflect that it gave any separate consideration whatsoever to the issue of consecutive sentences.

This case is not one which necessarily cries out for consecutive terms. (Cf. *People* v. *Prothro* (1989) 215 Cal.App.3d 166, 172-173 [263 Cal.Rptr. 433], upholding a technically defective statement of reasons in a case involving "horrifying and extremely brutal sexual conduct toward a five-year-old girl"; *People* v. *Gutierrez, supra*, 227 Cal.App.3d 1634, 1639, holding that the court had "obvious reasons" for its unexplained choice, citing "numerous" factors in aggravation and "none" in mitigation, as well as the fact that the crimes were entirely unrelated.) The matter must be remanded so that the court can demonstrate that it has in fact exercised its informed discretion on the question of consecutive sentencing.

Defendant also complains that the court failed to state sufficient reasons for imposing the aggravated term on count 1, sodomy, as the principal offense, and count 7, for which it imposed a concurrent term for oral copulation. He concedes, however, that with respect to the aggravated concurrent term imposed for count 6, the court did explain that it relied on the same factors as it used for denial of probation. This is permissible, as the actual choice requiring an explanation is not the denial, but the choice of a prison commitment. (*People* v. *Golliver* (1990) 219 Cal.App.3d 1612, 1616 [269 Cal.Rptr. 191].)

■ While we agree that the trial court failed to explicitly tie the reasons given for the denial of probation, and the subsequent selection of the

---

[2]All subsequent rule references are to the California Rules of Court.

aggravated term with respect to count 6, to its choices for counts 1 and 7, we think it apparent that the court intended to use the specified factors to support all three aggravated terms, and a remand for the purpose of formalizing this would be unnecessary if the court relied on proper factors with respect to count 6. Unfortunately, it did not.

The court originally stated that it was denying probation in part due to defendant's previous similar conviction; it later rephrased this as his "prior prison record." As defendant correctly points out, the fact that he had served a prior prison term could not be used as a factor in aggravation, because it was the basis for a sentence enhancement. (§ 1170.1, subd. (b).) The single previous conviction certainly did not constitute "numerous" convictions under rule 421(b)(2), and since it was for one of same offenses involved here (i.e., § 286, subd. (b)), there is no question of "increasing seriousness." Thus, this factor was improper.

However, defendant is not correct when he asserts that the court improperly used an element of the crime as a factor in aggravation when it noted that defendant "took advantage of a young person." We agree that the simple fact that a victim is a minor cannot be used as a factor in aggravation where the victim's minority is an element of the offense. (*People* v. *Ginese* (1981) 121 Cal.App.3d 468, 476-477 [175 Cal.Rptr. 383].) However, a child victim's particular vulnerability can be used in appropriate circumstances even if his or her age is an element of the offense. (See *People* v. *Quinones* (1988) 202 Cal.App.3d 1154, 1159 [249 Cal.Rptr. 435].) Here, the court, in denying probation, elaborated on the point by noting that defendant had assumed a position of trust with respect to Cho. The record, with its indications of an adolescent suffering family tribulations and vulnerable to the offer of adult friendship, supports this finding. Thus, either the "particularly vulnerable" or "position of trust or confidence" factors were appropriate and we construe the court's references to have been directed to one or both of these factors. (Rule 421(a)(3), (11).)

As the People argue, one factor in aggravation is sufficient to justify a sentencing choice. (*People* v. *Castellano* (1983) 140 Cal.App.3d 608, 615 [189 Cal.Rptr. 692].) However, the probation officer noted that the victim was a willing participant at least to some extent, in that he continued to return to defendant's home after the first incident. (Rule 423(a)(2).) Defendant's expressions of remorse for the serious psychological harm incurred by Cho are also a point in mitigation, if credited by the court. (*People* v. *Tatlis* (1991) 230 Cal.App.3d 1266, 1274 [282 Cal.Rptr. 55].) Again, this is not a case in which the factors in aggravation so powerfully outweigh any possible excuse that we can say with confidence that no more favorable result is

likely on resentencing. (Cf. *People* v. *Dreas* (1984) 153 Cal.App.3d 623, 636-637 [200 Cal.Rptr. 586].)

We will therefore remand for resentencing on all counts. ■ We remind the trial court that although one statement of reasons will suffice to explain a series of consecutive sentences (*People* v. *Huber* (1986) 181 Cal.App.3d 601, 628 [227 Cal.Rptr. 113]), and while the same specified factors may be applied to support more than one aggravated term (*People* v. *Williams* (1984) 157 Cal.App.3d 145, 156 [203 Cal.Rptr. 562]), the same factor may not be used both to aggravate one term and to justify consecutive sentences on two or more counts. (*People* v. *Reeder* (1984) 152 Cal.App.3d 900, 919 [200 Cal.Rptr. 479].)

■ To this point, we have not addressed the Attorney General's suggestion that we simply deem any errors waived. We decline to depart from settled law in this respect. As far as this defendant is concerned, it would be grossly unfair to refuse to consider his arguments when it has long been established that sentencing errors are *not* waived by the failure to object at the time of sentencing. (See *People* v. *Ramos* (1980) 106 Cal.App.3d 591, 598 at fn. 1 [165 Cal.Rptr. 179]; *People* v. *Lutes* (1981) 117 Cal.App.3d 830, 832 [173 Cal.Rptr. 300].)

In a broader context, we recognize that appellate courts are deluged with appeals from rulings which, if erroneous, could have been promptly corrected in the trial court. We have ourselves applied the doctrine of waiver in some instances. (See e.g., *People* v. *Melton* (1990) 218 Cal.App.3d 1406, 1408-1409 [267 Cal.Rptr. 640], dealing with an improperly imposed restitution fine.) We also recognize that many apparent sentencing errors result from mere misspeakings or the trial court's inadvertent failure to clearly articulate for the record a decision which, as mentally evolved, may be wholly correct and unassailable. In such a case, a prompt inquiry and request for clarification from either side would permit the trial court to elucidate and to correct any omissions.

Nevertheless, we do not consider it necessary or appropriate to place the burden on defendant. It is the trial court's duty to pronounce sentence and to do so in accordance with the statutory requirements. (*People* v. *Lutes, supra,* 117 Cal.App.3d at p. 832.) The obligation to state reasons has recently been described as "[t]he most fundamental duty of a sentencing court." (*People* v. *Fernandez* (1990) 226 Cal.App.3d 669, 678 [276 Cal.Rptr. 631].) Although this duty can be complex in a case involving multiple convictions subject to various sentencing rules, the trial bench has available to it a multiplicity of "scripts" and charts designed to guide a judge through any sentencing maze;

furthermore, in many cases, as here, the probation officer's report sets forth the sequence of decisions and appropriate considerations in helpful fashion. We are unwilling to stretch too far to save a decision if the trial court simply neglects to take advantage of these readily accessible aids.

On the other hand, trial counsel are faced with mentally sorting out an oral sentencing decision which may be long, convoluted, discursive, filled with digressions, etc. We do not think it reasonable to require trial counsel to realize on the spot that the court has omitted to name a factor to apply to count seven, or that it erroneously applied factor A to the wrong offense, especially in a case involving multiple counts and factors which apply to some, but not all, counts. (Cf. *People* v. *Melton, supra,* which involved a restitution fine as to which defendant was clearly on prior notice; see also *People* v. *Mockel* (1990) 226 Cal.App.3d 581, 587 [276 Cal.Rptr. 559], similarly holding waived any errors in the probation report or other materials used by the court and to which defendant had presentencing access.) While we encourage trial counsel to bring such errors to the court's attention when they are recognized, we think it fair to place a nonwaivable duty on the trial court to do its job correctly in the first place.[3]

It must be borne in mind that the sentencing statutes and rules have not been imposed as a diabolical annoyance and trap for trial courts, and, concurrently, a full-employment scheme for appellate lawyers. The trial court is required to follow certain standards in imposing sentence as a matter of justice; that court's statement of reasons for its decisions "is frequently essential to meaningful review; it acts as an inherent guard against careless decisions, insuring that the judge himself analyzes the problem and recognizes the grounds for his decision, and it aids in preserving public confidence in the decision-making process by helping to persuade the parties and the public that the decision-making is careful, reasoned, and equitable." (*People* v. *Martin* (1986) 42 Cal.3d 437, 449-450 [229 Cal.Rptr. 131, 722 P.2d 905].) These interests would not be served by a rule which would place many violations of the rules beyond attack, and thus remove an incentive to the trial courts to perform their duty.

---

[3]In *People* v. *White* (1981) 117 Cal.App.3d 270, 279 at fn. 4 [172 Cal.Rptr. 612], the court suggested that an appeal might be viewed dubiously if trial counsel "remained silent at the time of sentence and failed to call the judge's attention to any perceived infringement of his client's rights." Any attorney who deliberately did so would be subject to censure, in that a sentencing error can be corrected just as well by the trial court as by the appellate court. That is, if the trial court relies on an improper factor, it may, if so persuaded, alter its decision in defendant's favor. This would secure an immediate improvement in defendant's situation, and there can be no justification for deliberately preserving the error for appeal. (This would be particularly true if defendant would be likely to serve the entire correct term before his appeal could be heard.) If the trial court simply fails to enunciate sufficient reasons, the appellate court rarely changes the decision, but only remands in the majority of cases. In neither circumstance is there any advantage to remaining silent.

The judgments of conviction are affirmed, and the matter is remanded for resentencing in accordance with the views expressed in this opinion.

Hollenhorst, J., and McDaniel, J.,* concurred.

Respondent's petition for review by the Supreme Court was denied March 18, 1993.

---

*Retired Associate Justice of the Court of Appeal, Fourth District, senior judge status (Gov. Code, § 75028.1), sitting under assignment by the Chairperson of the Judicial Council.