Filed 7/30/15  P. v. Maguire CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B254561 |
| | (Super. Ct. No. 1428983) |
| Plaintiff and Respondent, | (Santa Barbara County) |
| v. | |
| MARTIN LEO MAGUIRE, | |
| Defendant and Appellant. | |

A felony complaint charged appellant with driving under the influence of alcohol (Veh. Code, §§ 23153, subd. (a), 23560) and driving with a blood alcohol concentration of .08 percent or more causing injury (Veh. Code, § 23153, subd. (b)). Each count alleged two great bodily injury enhancements (Pen. Code, § 12022.7, subd. (a)).[1]

Five months later appellant entered an open plea of guilty to the first count and admitted the two great bodily injury enhancements. The second count was dismissed. The trial court sentenced appellant to a state prison term of nine years, comprised of the upper term of three years (see § 18) plus two consecutive three-year terms for the enhancements (§ 12022.7, subd. (a)). Appellant contends the court abused

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

its discretion when it denied probation and sentenced him to the maximum term. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

Appellant was driving under the combined influence of Vicodin, Soma and alcohol (.01 percent). He crossed over the double yellow line striking a motorcycle and its two passengers head on. The passengers received severe injuries including each suffering a left leg amputation. Two witnesses applied tourniquets that likely prevented the death of the victims while appellant, unable or unwilling to assist, wandered aimlessly at the scene. The police investigation disclosed that appellant was visibly impaired and admitted taking Vicodin. The ensuing search of his vehicle revealed open beer cans, some partially consumed, and a bottle containing Vicodin and marijuana.

Appellant had a prior conviction for driving under the influence (Veh. Code, § 23152, subd. (a)) in 1996 and one for reckless driving involving opiate use in 2009. The plea forms which he signed acknowledged his awareness of the dangers of driving while intoxicated. The prescription medications he was taking warned that they may cause drowsiness, which alcohol consumption may intensify, and to use care when operating a vehicle. The probation report detailed not only appellant's criminal history but also many factors in his favor, including his remorse and taking care of a parent. After considering this history and all of the circumstances of the crime, the trial court denied appellant's application for probation and sentenced him to the upper term of three years in prison for the offense and an additional three years for each great bodily injury enhancement (§ 12022.7, subd. (a)). It noted that the injuries inflicted greatly exceeded the facts necessary to establish the enhancements and that, given his prior record, appellant well knew of the dangers associated with driving under the influence of alcohol and drugs.

## DISCUSSION

Appellant contends the trial court abused its discretion by denying his request for probation and also by imposing the upper term. We disagree.

A trial court has broad discretion to determine whether a defendant is suitable for probation. (*People v. Welch* (1993) 5 Cal.4th 228, 233; *People v. Aubrey* (1998) 65 Cal.App.4th 279, 282.) A single aggravating factor may support the denial of probation, and the court is presumed to have considered the relevant factors set forth in the California Rules of Court pertaining to the grant or denial of probation absent a record reflecting otherwise. (Cal. Rules of Court, rule 4.409; *People v. Robinson* (1992) 11 Cal.App.4th 609, 615.)

Here, the probation report listed the factors supporting denial of probation. Specifically, it stated that the instant crime was appellant's third driving under the influence related offense, that he inflicted physical and emotional pain on the victims, that the degree of monetary loss is likely great and that he was an active participant. The trial court heard from various witnesses on appellant's behalf and based its decision to deny probation on legitimate sentencing factors supported by the evidence. The court did not, as appellant claims, impermissibly deny probation because of what the media might say about it. Read in context, the trial court's statements on the public nature of the proceeding were a proper commentary on the policy objectives of sentencing. The denial of probation was not an abuse of discretion.

Next, appellant argues that the trial court violated the prohibition on dual use of facts when it imposed the upper term. (See § 1170, subd. (b); Cal. Rules of Court, rule 4.420.) He contends the court erred by considering the great bodily injury to the victims both as an aggravating sentencing factor and as a basis for enhancing the sentence. (See § 12022.7, subd. (a).) The court did not, however, expressly rely on the two great bodily injury enhancements in imposing the upper term; instead, it found that the crime involved great bodily injury *in excess* of the enhancements. Evidence of conduct exceeding the minimum necessary to establish an enhancement may be considered to support the upper term. (*People v. Castorena* (1996) 51 Cal.App.4th 558, 562.) Moreover, the court was entitled to consider appellant's history of driving while under the influence and his resultant awareness of the consequences of doing so. A defendant's recidivism is a relevant factor in deciding whether to impose the upper term.

3

(See Cal. Rules of Court, rule 4.421(b); *People v. McKinzie* (2012) 54 Cal.4th 1302, 1368, disapproved on another ground by *People v. Scott* (2015) 61 Cal.4th 363, 391, fn. 3 ["defendant's recidivism made him eligible for an upper term sentence"].)

Appellant further contends that the trial court relied on facts that had not been pleaded, proven beyond a reasonable doubt or admitted by appellant. (See *Cunningham v. California* (2007) 549 U.S. 270.) Trial courts no longer find facts in support of their sentencing decisions. To comport with constitutional principles, the Legislature amended the Determinate Sentencing Law to give judges discretion to choose the appropriate sentence based on a statement of reasons justifying the sentence. (§ 1170, subd. (b); *People v. Sandoval* (2007) 41 Cal.4th 825, 850-851.) Those reasons were articulated here. The court's selection of the upper term was based upon an individualized consideration of the offense, the offender and the public interest, and was in no way arbitrary or capricious. (See *Sandoval*, at p. 847.)

Lastly, appellant argues the trial court erred by failing to orally inform him about parole as required by section 1170, subdivision (c). As the People point out, the admonishment regarding parole was in the plea form that he signed, and thus the court's failure to verbalize it on the record was clearly harmless. (See *People v. Enright* (1982) 132 Cal.App.3d 631, 637 ["where the change of plea form notes there could be 48 months of parole, there is no prejudice in failing to inform the defendant that as part of the sentence . . . [he] may be on parole for a period of time"].)

The judgment is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:


GILBERT, P. J.



YEGAN, J.

4

John E. Dobroth, Judge*

Superior Court County of Santa Barbara

_____

Law Offices of Alana Segal, Alison Minet Adams, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Jonathan J. Kline, Brendan Sullivan, Timothy N. Weiner, Deputy Attorneys General, for Plaintiff and Respondent.

---

* (Retired Judge of the Ventura Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)