Filed 2/4/26  P. v. Davies CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>PATRICK JAMES DAVIES,<br><br>　　　Defendant and Appellant. | A171116<br><br>(Lake County<br>Super. Ct. No. CR969539) |

　　　After defendant Patrick James Davies pled no contest to several offenses, the trial court denied him probation and sentenced him to five years in state prison.  Davies contends the trial court abused its discretion in denying probation.  We affirm the judgment.

## I.  BACKGROUND

### A. *Underlying Offenses*[1]

#### 1. **Case no. CR969734**

　　　In February 2024, police officers contacted R.S., who was in a sexual, dating, and cohabitation relationship with Davies, after she reported having

---

[1] The following facts are taken from the probation department's presentencing report.  The presentencing report is part of a confidential clerk's transcript, so we limit our discussion of the information in the report to that addressed in the parties' appellate briefs, which were filed without redactions or a sealing request.  (See Cal. Rules of Court, rule 8.47(c)(2) [to maintain confidentiality, a party may file a motion to file a document under

1

been battered and kidnapped by Davies at their residence. R.S. told the officers that Davies strangled her and then later shoved her out of their residence and tackled her.

In March 2024, police officers were dispatched to Davies's residence for a "911 hang up." Upon arriving at the residence, the officers instructed Davies and R.S. to come outside, but he refused and told R.S. to not open the door or go outside. Davies said to the officers, "[y]ou break and enter, this is a stand-your-ground state" and "you make entry, and I will defend myself." At some point, R.S. came outside and began walking to a gate where the officers stood. Davies started yelling and "walk[ing] aggressively" towards R.S. and the officers. The officers told Davies to back up several times. They then said he would be placed in handcuffs, prompting Davies to turn and run into the garage. After the officers got R.S. to safety, she told them that she was napping when Davies got mad and tripped her, causing her to fall. R.S. had a "fresh bruise with redness and an abrasion on her right cheek."

When Davies emerged from the garage, the officers attempted to grab him, and a struggle ensued. Davies "got into a fighting stance" and hit one of the officers in the face. Then, when Davies pushed one of the officers, the officer's foot became lodged in the gate. Davies repeatedly slammed the gate onto the officer's ankle. The officers tased Davies twice so that the officer could free his leg from the gate. Davies then barricaded himself in his house with a knife. Backup arrived and negotiated with Davies for hours before he

---

seal]; *People v. Coddington* (2000) 23 Cal.4th 529, 617, fn. 38, overruled on other grounds in *Price v. Superior Court* (2001) 25 Cal.4th 1046, 1069, fn. 13, and superseded by statute on other grounds as stated in *People v. Zamudio* (2008) 43 Cal.4th 327, 356.) All rule citations are to the California Rules of Court unless otherwise indicated.

2

was taken into custody. Officers discovered that Davies was in possession of 33.7 grams of cocaine.

On March 27, 2024, Davies was charged with 19 counts, consisting of one count of false imprisonment for purposes of protection from arrest (Pen. Code,[2] § 210.5; count 1); one count of willfully inflicting corporal injury (former § 273.5, subd. (a); count 2); two counts of false imprisonment (former § 236; counts 3, 17); one count of criminal threats (former § 422, subd. (a); count 4); one count of dissuading a witness from testifying (former § 136.1, subd. (a)(1); count 5); three counts of preventing an executive officer from performing a duty (§ 69; counts 6, 7, 8); two counts of felony battery on a peace officer (former § 243, subd. (c)(2); counts 9, 10); three counts of assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4); counts 11, 12, 18); one count of misdemeanor possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a); count 13); two counts of misdemeanor battery on a peace officer (former § 243, subd. (b); counts 14, 15); one count of corporal injury on a cohabitant (former § 273.5, subd. (a); count 16); and one count of battery resulting in serious bodily injury (former § 243, subd. (d); count 19). As to counts 16 through 18, the complaint alleged that Davies personally inflicted injury upon R.S., who was not an accomplice to the offenses. (§ 12022.7, subd. (a).)

### 2. Case no. CR969539

Between January 2022 and July 2023, Davies entered into at least four separate written or verbal agreements with various homeowners to perform contractor services. In all instances, he was operating as an unlicensed contractor under the name "Pat Clarke Construction." The homeowners who

---

[2] Undesignated statutory references are to the Penal Code unless otherwise indicated.

contracted with him paid Davies several thousand dollars each for his services, but Davies either did not complete their projects or performed no work whatsoever on the projects.

On May 8th, 2024, Davies was charged with five counts of diversion of funds intended for services (§ 484b; counts 1, 5, 9, 12, 15); five misdemeanor counts of contracting without a license (Bus. & Prof. Code, § 7028, subd. (a); counts 2, 6, 10, 13, 16); five misdemeanor counts of charging an excessive downpayment (*id.*, § 7159.5, subd. (a)(3); counts 3, 7, 11, 14, 17); and two counts of advertising as a contractor without a license (*id.*, § 7027.1, subd. (a); counts 4, 8).

## B. Court Proceedings

Davies pled no contest to one count of misdemeanor battery on a cohabitant for his battery on R.S. during the March 2024 incident (former § 243, subd. (e)(1)) and one count of assault by means of force likely to cause great bodily injury for his assault on the police officer whose leg was stuck in the gate (§ 245, subd. (a)(4)) in case no. CR969734, and to three counts of diversion of construction funds (§ 484b) and three counts of misdemeanor contracting without a license (Bus. & Prof. Code, § 7028, subd. (a)) in case no. CR969539.  The remaining counts in case nos. CR969539 and CR969734 and all counts in a third case were dismissed.

In a presentencing report, the probation department recommended that Davies be denied probation based on the criteria in rule 4.414, including that the victims were vulnerable, that the defendant was armed with a weapon, and that "the manner in which the crime was carried out demonstrated criminal sophistication or professionalism on the part of the defendant." (Rule 4.414(a)(2), (3), (8).)  The report also listed nine factors in aggravation under rule 4.421 that the probation department believed applied to Davies

4

and his offenses, including that the crime "involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness."  (Rule 4.421(a)(1), (b)(1).)

At the initial and continued sentencing hearings, defense counsel disputed the application of many of the aggravating factors mentioned in the presentencing report.  First, defense counsel argued that the March 2024 incident did not involve great violence because Davies's assault conviction arose from a brief struggle with the police when he was trying to close the gate, and his misdemeanor battery conviction was based on him tripping R.S. According to the defense, the officer and R.S. sustained minimal injuries from the incident.  The defense argued that no other facts from the March 2024 incident could be considered absent a *Harvey* waiver[3] because the remaining counts from that incident were dismissed.

The prosecution disagreed, arguing that the court was allowed to consider the "totality of the circumstances" of the March 2024 incident, which showed that Davies was "aggressive and confrontational with the officers from the beginning" and had caused a "two-hour standoff" with the officers. The prosecution further argued that the incident involved a threat of great bodily harm because Davies told the officers he was armed with a knife and had a right to stand his ground.

Regarding whether the victim was vulnerable, the defense initially argued this factor was not a factor in aggravation but then later agreed that the victim was vulnerable.  The prosecution asserted that the officer was "physically vulnerable" when his leg became stuck in the gate.

---

[3] *People v. Harvey* (1979) 25 Cal.3d 754.

Finally, the defense argued that there was no evidence to support the probation department's claims that Davies was armed during the March 2024 incident, that his offenses involved professionalism or planning, or that he threatened witnesses.

The defense also cited a few mitigating factors, arguing that Davies was remorseful, as evidenced by an apology letter he sent to the police, and that he had no prior criminal history. The defense further argued that Davies's substance abuse issues affected his behavior. It provided the court with a letter stating that Davies had been accepted into a rehabilitation program. Finally, the defense claimed that Davies was a victim of identity theft and had his money stolen, and this was why he was unable to render contractor services to the victims in case no. CR969539. Based on these facts, the defense requested that the court grant probation and place Davies in a rehabilitation program.

The prosecution responded that Davies's apology letter "demonstrates somebody doing the bare minimum" and did not mention the victims Davies defrauded in case no. CR969539. The prosecution further contended that Davies was "downplaying" his drug use based on remarks he made to the probation department. The prosecution also noted that while Davies produced evidence that he had made an insurance claim for identity theft, there was no evidence that he had reported the identity theft to the police or to his bank.

As an additional factor in aggravation, the prosecution noted that Davies had pending charges in other jurisdictions for financial crimes similar to those in case no. CR969539.

After the parties submitted, the trial court denied probation, concluding that the aggravating factors outweighed the mitigating factors. The court sentenced Davies to an aggregate term of five years in state prison.

## II. DISCUSSION

Davies contends the trial court abused its discretion in denying him probation. The gist of his argument is that the court should have granted probation based on five factors in mitigation—his expression of remorse, his lack of a criminal history, his voluntary acknowledgement of wrongdoing at an early stage, his willingness to rehabilitate, and his drug abuse issues. (Rules 4.414(b)(1), (3), (7), & 4.423(b)(1), (2).) We disagree that the trial court's denial of probation was an abuse of discretion.

A defendant who is denied probation bears a heavy burden to show the trial court has abused its discretion. (*People v. Aubrey* (1998) 65 Cal.App.4th 279, 282.) A denial of probation generally rests within the broad discretion of the trial court and will not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary or capricious manner, that is, when that court has exceeded the bounds of reason, all of the circumstances being considered. (*People v. Downey* (2000) 82 Cal.App.4th 899, 909–910.) " 'In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' " (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977–978, superseded by statute on other grounds as indicated in *People v. Lynall* (2015) 233 Cal.App.4th 1102.)

Rule 4.414 provides criteria for the trial court to consider in granting or denying probation. The court may also consider additional criteria not listed

in rule 4.414, provided those criteria are reasonably related to that decision and they are stated on the record by the sentencing judge. (Rule 4.408(a).)

Here, at the outset of the sentencing hearing, the trial court stated it had reviewed the presentencing report. In the report, the probation department advised against granting probation based on eight factors in rule 4.414. In addition to the factors previously mentioned, such as the vulnerability of the victim, the factors included that Davies "was an active participant" in the offenses (rule 4.414(a)(6)) and that the crimes were not committed "because of an unusual circumstance, such as great provocation, which is unlikely to recur" (rule 4.414(a)(7)). The court agreed that the "facts of the whole event" underlying Davies's convictions in case no. CR969734 constituted "aggravating factors," and it determined that the aggravating factors outweighed the mitigating factors. In denying probation, the court expressly relied on the high degree of violence involved in case no. CR969734, the callousness with which Davies committed his offenses in both cases (rules 4.414(a)(1), 4.421(a)(1)), and his pending charges for similar financial crimes (rule 4.414(b)(1)).

These circumstances support the validity of the trial court's denial of probation. (See *People v. Weaver* (2007) 149 Cal.App.4th 1301, 1311, 1313–1318 [trial court properly denied probation based on factors listed in rule 4.414 and other factors "reasonably related to the court's decision whether to grant or deny probation"], overruled on another ground in *People v. Cook* (2015) 60 Cal.4th 922.) "A single factor in aggravation is a sufficient basis for a sentencing choice," and the court here relied on several aggravating factors in deciding to deny probation. (*People v. Castellano* (1983) 140 Cal.App.3d 608, 615, called into doubt on another ground in *People v. Lynch* (2024) 16 Cal.5th 730, 764–765; see *People v. Robinson* (1992) 11 Cal.App.4th 609,

8

615, disapproved on another ground in *People v. Scott* (1994) 9 Cal.4th 331, 353, fn. 16; *People v. Ramirez* (2006) 143 Cal.App.4th 1512, 1530 ["even if there were several mitigating factors that might weigh in favor of probation, this does not necessarily mean that the trial court abused its discretion in deciding against granting probation"].)

Further, the trial court was free to "minimize or even entirely disregard mitigating factors without stating its reasons." (*People v. Salazar* (1983) 144 Cal.App.3d 799, 813, disagreed with on other grounds in *People v. Key* (1984) 153 Cal.App.3d 888, 897; accord, *People v. Lamb* (1988) 206 Cal.App.3d 397, 401.) There is evidence in the record that the court could have relied on in discounting at least some of the mitigating factors cited by Davies. For example, Davies's apology letter did not mention the victims or his crimes in case no. CR969539. Based on that fact and the lack of evidence showing Davies reported the alleged theft of his identity to the police or his bank, the parties disputed the weight that should be given to the mitigating factor of the defendant's remorse.[4] (Rule 4.414(b)(7).)

Davies does not dispute that the record contains sufficient evidence to support the aggravating factors relied on by the trial court in denying probation. His sole contention is that the court should have granted him probation based on the five mitigating factors mentioned above. He argues that a "five-year prison sentence, for a remorseful individual who is willing to attend a rehabilitation program, fails to achieve" any of the goals of California's penal system. Davies's argument requires this court to reweigh

---

[4] We note that the trial court stated, after reviewing documents submitted by the defense at the sentencing hearing, that Davies's claim of identity theft "lacks some credibility on its face." The defense documents are not in the record before us, and thus we must resolve the credibility issue against Davies. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296.)

the evidence or factors the trial court considered in denying probation. We decline to do so. (See *People v. Weaver*, *supra*, 149 Cal.App.4th at p. 1311 [" 'In reviewing [a trial court's determination whether to grant or deny probation,] it is not' " the appellate court's function to substitute its judgment for that of the trial court; its function " 'is to determine whether the trial court's order . . . is arbitrary or capricious or exceeds the bounds of reason considering all the facts and circumstances' "]; *People v. Jordan* (1986) 42 Cal.3d 308, 317 ["The Court of Appeal . . . erred when it reweighed the circumstances in mitigation rather than limiting its review to whether the sentencing court abused its statutory discretion"].)

In his reply brief, Davies argues that the trial court failed to fully consider the mitigating factors in this case. We reject this argument. The relevant criteria "shall be deemed to have been considered unless the record affirmatively reflects otherwise." (Rule 4.409; see *People v. Castellano*, *supra*, 140 Cal.App.3d at p. 615; *People v. Myers* (1999) 69 Cal.App.4th 305, 310 [trial court's focus on violence of defendant's crimes does not mean it considered only that factor].) Davies does not point to anything in the record that suggests the trial court declined to consider the factors cited by the parties in exercising its discretion.

In sum, Davies does not challenge those factors that supported the trial court's decision to deny probation or demonstrate that the court failed to exercise informed discretion, and thus he has not met his burden to show that the court's assessment of those factors and its decision to deny probation was "irrational or arbitrary." (*People v. Superior Court (Alvarez)*, *supra*, 14 Cal.4th at p. 977.)

### III.   DISPOSITION

The judgment is affirmed.

10

_____
LANGHORNE WILSON, J.


WE CONCUR:


_____
HUMES, P. J.


_____
SMILEY, J.


*People v. Davies* / A171116