Filed 10/2/23 P. v. Dixon CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>MICHAEL FRITZ DIXON,<br><br>     Defendant and Appellant. | F084822<br><br>(Super. Ct. No. CRF63790)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tuolumne County. Kevin M. Seibert, Judge.

Jonathan Roberts, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Jesica Y. Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Franson, Acting P. J., Peña, J. and DeSantos, J.

Defendant Michael Fritz Dixon contends on appeal that his sentence should be vacated and remanded for resentencing because the trial court did not act with informed discretion when it denied probation.  The People agree.  We vacate defendant's sentence and remand for resentencing.  In all other respects, we affirm.

## PROCEDURAL SUMMARY

On July 10, 2020, the Tuolumne County District Attorney filed an information charging defendant with continuous sexual abuse of a child under 14 years of age (Pen. Code, § 288.5, subd. (a)[1]; count 1).  Defendant was charged in the alternative with five counts of lewd and lascivious acts upon a child under 14 years of age, occurring between November 4, 2012, and September 30, 2014 (§ 288, subd. (a); counts 2–6). Prior to trial, the prosecution learned that the incidents charged in counts 4 and 5 related to the same incident and count 5 was subsequently dismissed.

On February 16, 2022, the jury found defendant guilty on count 1.

On August 5, 2022, the court denied probation and sentenced defendant to a mitigated term of six years (the lower term) in state prison.

On August 18, 2022, defendant filed a notice of appeal.

## FACTS

Jane Doe was born in November 2002 to Frank G.[2] and T.T.  They also had a son. Frank G. and T.T. separated in approximately 2008 when Jane Doe was six years old, and Jane Doe and her brother subsequently split time between Frank G. and T.T.'s homes.

T.T. began dating defendant in 2009, when Jane Doe was eight years old.  T.T. and defendant had a daughter and they eventually married and started living together in

---

[1]     All statutory references are to the Penal Code.

[2]     Pursuant to California Rules of Court, rule 8.90, we refer to some persons by their first names.  No disrespect is intended.

2012.  Jane Doe and her brother lived with T.T., defendant, and their half sister 50 percent of the time.

When Jane Doe was alone with defendant, he would occasionally comment on her appearance and engage in conversations with her that involved inappropriate topics.  He would tell her things like, "[I]f I were your age, I would date you" and assure her she was "not ugly."  He would also "sexually educate" her by explaining what occurs during sexual intercourse.  If others were present, he would make jokes about sex, but the discussions would not go as far as they did when they were alone.

When Jane Doe was 10 years old, defendant began touching her inappropriately.  She testified that the touching occurred approximately 20 to 30 times and continued until Jane Doe turned 12 years old, with the majority happening when they were driving alone in a car together and in Jane Doe's bedroom or T.T.'s bedroom.

## DISCUSSION

Defendant contends remand is required because the trial court was unaware of its discretion when it denied probation and sentenced defendant to the lower term of six years in state prison.  He argues the court mistakenly believed that granting probation would limit defendant's incarceration to one year in county jail.  The People agree, as do we.

### A.    *Background*

On March 8, 2022, the probation department submitted its report recommending the mitigated term of six years.  The report stated defendant was statutorily ineligible for probation pursuant to section 1203.066, subdivision (b).

On March 18, 2022, the trial court asked the prosecution and defense counsel whether defendant was eligible for probation, stating, "I'm not saying I'm going to grant him probation.  I want to make sure before we make the decision that both sides agree that this isn't an offense that he would be eligible for probation on—if the [c]ourt wanted

to do so." The prosecution stated defendant could be eligible for probation if an evaluation pursuant to section 288.1 were completed. Subsequently, the court ordered an evaluation under sections 1203.3 and 288.1.

On May 5, 2022, two correctional counselors found defendant unsuitable for probation due to the circumstances of the crime.

On May 6, 2022, the Department of Corrections and Rehabilitation (CDCR) submitted a diagnostic study and recommendation under section 1203.03, stating defendant was ineligible for probation and recommending a prison term.

On June 27, 2022, a psychological evaluation under section 288.1 conducted by a psychologist with a doctoral degree was submitted, indicating its recommendation regarding defendant's probation status.[3] The report stated that defendant was "only a fair candidate for a grant of probation."

On August 5, 2022, both parties confirmed that they had received the psychological evaluation under section 1203.03 and defense counsel asked the trial court to consider sentencing defendant to probation based on the report. The court asked defense counsel, "When you say he's a candidate for probation, what are you suggesting the [c]ourt do? I'm not saying I'm going to do it. I'm just wondering what your thought process is for my understanding the maximum under probation is one year; is that your understanding?" Defense counsel responded, "That would be the maximum under

_____

[3] On May 3, 2022, a clinical social worker evaluated defendant under section 288.1 and found him unsuitable for probation due to his history of violating probation conditions, lack of remorse, denial of guilt, and lack of concern for the victim's wellbeing. On June 3, 2022, the trial court determined that the previous evaluation ordered under section 288.1 had not been conducted correctly because an evaluation under section 288.1 must be completed by a psychiatrist or licensed psychologist who has a doctoral degree in psychology but the evaluation was instead submitted by a clinical social worker. As a result, the court issued a new order for another evaluation to be completed within 90 days.

probation, yes, [y]our [h]onor, and then a period of probation and I'm fairly certain—"
The court then asked defense counsel whether she considered one year to be an adequate amount of time to be served in custody. Defense counsel argued that it would be appropriate. The prosecution argued defendant was convicted of an egregious crime, did not accept responsibility, and emphasized the detrimental impact of sexual assault on victims. The prosecution also disagreed with the probation report's recommendation of a mitigated term due to defendant's criminal history and the nature of the crime, and argued the middle term was more appropriate.

The trial court denied probation and imposed the mitigated term, stating,

"I agree with [the prosecution]. This [c]ourt has unfortunately heard far too many cases involving child sexual abuse, and it's well aware of the significant consequences in the lives[] of the victims of these crimes. [¶] … [¶]

"One year of custody and then probation is clearly not an adequate remedy and the [c]ourt is not going to grant probation in this case.

"However, the [c]ourt is going to follow the recommendation of [the] [p]robation [office] and sentence him to the mitigated term. The basis of the [c]ourt's ruling on that is consistent with what [the] [p]robation [office] indicated, a lack of significant criminal history; there was a significant period of time between the acts that resulted in the conviction and the conviction itself. During that time there was little or no criminal activity, and certainly nothing of the kind of crime that he was convicted of here; and the age of … [d]efendant is also a factor that the [c]ourt is considering imposing the mitigating term.

"Giv[ing] … [d]efendant the mitigated term does not in any way suggest that the [c]ourt thinks that the crime was not serious in nature and that the harm done was not significant. [¶] … [¶]

"For the crime in [c]ount 1, violation of [s]ection 288.5[,] recurring sexual conduct with a person under 14, a felony, will be declared the principle term. Probation will be denied. [Defendant] will be committed to state prison for the mitigated term of [six] years. [Defendant] will be awarded presentence credits[.]"

5.

### B.    Law

A trial court's decision to grant or deny probation is reviewed under the abuse of discretion standard.  (*People v. Superior Court (Du)* (1992) 5 Cal.App.4th 822.)  "A sentencing court enjoys broad discretion in determining whether to grant or deny probation."  (*People v. Mehserle* (2012) 206 Cal.App.4th 1125, 1157.)  " 'The burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.  [Citation.]  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' " (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977–978.)

" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court.  [Citations.]  A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)  If the trial court proceeds on the assumption that it lacks discretion, remand for resentencing is required *unless* the record " 'clearly indicate[s]' " that the court would have reached the same conclusion even if it had been aware of its discretionary powers. (*Ibid.*)

Section 19.2 states, "[i]n no case shall any person sentenced to confinement in a county or city jail … as a condition of probation upon conviction of either a felony or a misdemeanor … be committed for a period in excess of one year …." (§ 19.2.)[4]

---

[4]    The trial court did not explicitly refer to section 19.2 when discussing the one-year jail term limitation associated with granting probation.  However, we agree with the parties that section 19.2 is the applicable statute.

However, the court in *People v. Bailey* (1983) 140 Cal.App.3d 828 found that section 19.2's one-year statutory restriction can be waived by the defendant because the provision was enacted solely for the benefit of the defendant and " 'not to satisfy any other overriding social, political, or fiscal purpose.' " (*Id.* at p. 831.) *Bailey* concluded that, in cases where one year of incarceration seemed too brief and a prison commitment "unduly harsh," a defendant was entitled to waive the "benefit" of being sent to state prison and forego access to prison services so the trial court could at least consider whether the defendant merits a grant of probation. (*Ibid.*) It stated, "we see no legal impediment to defendant's knowing and intelligent waiver of the one-year limitation therein on confinement in the county jail. This permits the sentencing court at least to consider whether the defendant merits a grant of probation in those cases where a one-year term of local confinement seems inappropriately brief and a prison commitment unduly harsh." (*Ibid.*) However, a "sentencing court is not required to act upon [a] defendant's waiver. It remains within the trial court's discretion whether the circumstances of the case justify a departure from the established one-year limitation on county jail commitment." (*Id.* at p. 832.)

### C. Analysis

Here, the record shows that the trial court did not exercise its informed discretion when it denied defendant probation and sentenced him to six years in prison because it was not aware of the option of giving defendant the choice to waive section 19.2's one-year jail term limitation.

The trial court was operating under the mistaken belief that granting probation would limit defendant's sentence to one year in county jail. At sentencing, the probation officer's report and defense counsel inaccurately confirmed to the court that one year in county jail was the maximum term of incarceration available if the court granted defendant probation. Accordingly, the court did not consider the possibility that

7.

defendant could waive the one-year county jail term limit under section 19.2, which would have given the court the ability to grant defendant probation and impose a term exceeding one year in county jail, but less than the denial of probation and six-year mitigated term that it imposed. The record also does not show whether defendant would have waived the one-year limit. As the court was unaware of this option, it did not present defendant with the opportunity to make that decision.

Further, the record does not " 'clearly indicate[]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (See *People v. Gutierrez*, *supra*, 58 Cal.4th at p. 1391.) Here, the court inquired about defendant's eligibility for probation and ordered an evaluation to determine whether he was eligible, but stated it was not affirming that it would grant probation. After finding defendant was eligible for probation, the court questioned whether a one-year county jail commitment "is an adequate amount of time to be served in custody." After noting the victim's age at the time of the abuse, the fact that defendant was her stepfather, and the victim's testimony about the damage that had been caused to her and her ongoing trauma, the court concluded "[o]ne year of custody and then probation is clearly not an adequate remedy and the [c]ourt is not going to grant probation in this case." The prosecution argued that the middle term would be the appropriate sentence rather than the mitigated term due to the defendant's criminal history and nature of the crime. Stating it was following the recommendation of the probation report, the court then imposed the mitigated term of six years in state prison. However, the court did not state it would have chosen the six-year prison term for defendant had it been aware of its discretion to depart from the one-year jail term limitation of section 19.2. (See *People v. Bailey*, *supra*, 140 Cal.App.3d at pp. 831–832.)

Accordingly, defendant's sentence must be vacated and remanded for resentencing so the trial court may exercise its discretion to grant probation with a jail term exceeding

8.

one year if defendant waives section 19.2's one-year jail term limit.  (See *People v. Downey* (2000) 82 Cal.App.4th 899, 912 ["Where … a sentence choice is based on an erroneous understanding of the law, the matter must be remanded for an informed determination."].)**5**

## DISPOSITION

We vacate defendant's sentence and remand for resentencing.  In all other respects, we affirm the judgment.

---

**5**     Because the People concede that remand for resentencing is required, we need not address defendant's remaining claims.